## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**

                                  **Civil Action No. 5:21-cv-00181**
                                  **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually, KYLE LUSK, individually,**

    **Defendants.**

## DEFENDANT LOUISE E. GOLDSTON'S
## <u>MOTION TO DISMISS</u>

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby offers for this Honorable Courts' consideration the following Memorandum in support of their contemporaneously-filed Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant Louise E. Goldston must be dismissed from this case as judicial immunity applies to all claims by the Plaintiff. As more fully discussed in the attached Memorandum of Law, the Plaintiff has pled five (5) counts in his Complaint against this Defendant, all pursuant to 42 U.S.C. § 1983. *See Memorandum of Law in Support of Defendant Louise E. Goldston's Motion to Dismiss, attached hereto as **Exhibit A**.* First, he alleges an unlawful search and seizure claim in violation of the Fourth Amendment to the United States Constitution for ordering the search of the Plaintiff's home, allegedly without a warrant. *Complaint, ¶¶ 46-62.* Second, he alleges violations of the First Amendment for preventing him from video recording the events. *Complaint, ¶¶ 63-75.*

Third, he alleges violations of the Fourteenth Amendment Due Process Clause for allegedly failing to provide him with due process during the contempt hearing. *Complaint, ¶¶ 79-88.* Fourth, he alleges violations of the Equal Protection Clause of the Fourteenth Amendment via his claims that Judge Goldston's practice of home inspections disadvantaged pro se litigants. *Complaint, ¶¶ 89-100.* Finally, he alleges that Judge Goldston conspired with Defendant Lusk to take the aforementioned actions. *Complaint, ¶¶ 100-109.*

## A. As a judicial officer acting in that capacity, Judge Goldston is absolutely immune from Plaintiff's claims.

It is well-settled that "judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 U.S. Dist. LEXIS 86198, 2008 WL 4706255, at *4 (W.D. Va. Oct. 22, 2008) (citations omitted). The issue is not, as the Plaintiff frames it in his Complaint, whether Judge Goldston acted outside her authority. The issue is not even whether her actions ran afoul of the Constitution. The issue is whether she ceased to act as a judge. Otherwise, she is absolutely immune from civil liability. As addressed in the attached Memorandum, the actions alleged in the Complaint were taken during the course of adjudicating a Family Court dispute. *See **Exhibit A.*** Accordingly, even if the Plaintiff has alleged that she acted improperly, he has not alleged that she was not acting in her capacity as a judge. Accordingly, Judge Goldston is absolutely immune from Plaintiff's claims, and is entitled to dismissal.

## B. This Court lacks subject matter jurisdiction over the Plaintiff's claims against Judge Goldston due to the application of the Eleventh Amendment to the United States

**Constitution.**

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  It therefore preserves sovereign immunity of the states of the Union in federal court. It is well settled that "this protection extends also to 'state agents and state instrumentalities' or stated otherwise, to 'arms of the State' and State Officials." *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (quotations omitted). There can be no dispute that the West Virginia Supreme Court of Appeals is an arm of the state, as it is a state agency, and its employee Judge Goldston is a State Official.  As discussed more fully in the attached Memorandum of Law, none of the three narrow exceptions apply to the facts and circumstances of this matter and therefore this Defendant is shielded from liability of the allegations of Plaintiff's Complaint by the Eleventh Amendment's sovereign immunity. *See **Exhibit A**.*  As a result, Judge Goldston is entitled to Eleventh Amendment protections.

**WHEREFORE**, based on the foregoing and the attached Memorandum of Law, this Defendant respectfully prays this Honorable Court GRANT her Motion to Dismiss with prejudice, and grant such other relief as the Court deems just and proper.

**Louise E. Goldston,**
**By Counsel,**

 **/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MATTHEW GIBSON,**

   **Plaintiff,**

v.                                                           Civil Action No. 5:21-cv-00181
                                                             Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually, KYLE LUSK, individually,**

   **Defendants.**

## **CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of foregoing **"DEFENDANT LOUISE**

**E. GOLDSTON'S MOTION TO DISMISS"** was served upon the following parties through the

Court's Electronic Case Filing (ECF) system on this day, April 19, 2021:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier St
Charleston, WV  25301
*Attorney For: Brian White, Jeff McPeake, Bobby Stump,*
*County Commission of Raleigh County*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl LLP
P.O. Box 11887
Charleston, WV 25339-1887
*Attorney For: Kyle Lusk*

  /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**