IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                 **CIVIL ACTION NO.: 5:21-cv-00181**
                                                      **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## <u>DEFENDANTS COUNTY COMMISSION OF RALEIGH COUNTY, JEFF MCPEAKE, BRIAN WHITE, AND BOBBY STUMP'S REPLY TO THE PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT</u>

NOW COME the Defendants, County Commission of Raleigh County, Jeff McPeake, Brian White, and Bobby Stump, by and through counsel, J. Victor Flanagan, Kevin J. Robinson and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and file this reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Complaint. In reply to the Plaintiff's memorandum, Defendants reiterate the arguments made in the Memorandum of Law in Support of their Motion to Dismiss, and additionally state as follows:

    **A.**    **Defendants McPeake, White, and Stump are still entitled to Qualified Immunity.**

Despite the arguments made by the Plaintiff in his Response to the Motion to Dismiss, Defendants McPeake, White, and Stump are still entitled to qualified immunity. "The qualified

immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.C.t 1092, 89 L.Ed..2d 271 (1986)); accord *Stanton v. Sims*, 571 U.S. 3, 5-6, 134 S.Ct. 3, 187 L.Ed.2d 341 (2013) (per curiam).

The cases cited by the Plaintiff in the Response to the Motion to Dismiss do not deal with a bailiff working alongside his judge. As the Fourth Circuit Court of Appeals has stated: "We do not expect sheriffs to be judges and to have the training to sort through every intricacy of case law that is hardly a model of clarity." *Bland v. Roberts*, 730 F.3d 368, 394 (4th Cir. 2013). "Lay officers obviously cannot be expected to perform at the level achievable by those trained in the law." *Id*. Qualified Immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Lane v. Franks*, 573 U.S. 228, 243, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

The Supreme Court of Appeals of West Virginia defined a bailiff as "'[a] court officer or attendant who has charge of a court session in the matter of keeping order, custody of the jury, and custody of prisoners while in court.'" *In re Pauley*, 173 W.Va. 228, 233, 314 S.E.2d 391, 396 (1983). "It is essential that the bailiff understands his role as an officer of the court attendant to the judge or magistrate to whom he is assigned." *Id*.

Defendant McPeake performed his duties as a reasonable officer would do under the circumstances while acting as a bailiff for Defendant Goldston. The Plaintiff has asserted no facts against Defendant McPeake demonstrating that he maliciously and in bad faith searched and seized

2

any of the Plaintiff's property on the day of the incident.  Even if the factual averments stated in the Plaintiff's Complaint are viewed as true, Defendant McPeake acted in good faith in complying with an order from Defendant Judge Goldston.

Moreover, the Plaintiff still failed to produce any facts indicating that Defendants White and Stump are not entitled to qualified immunity. The Plaintiff failed to put forth any facts in his Complaint or in his Response to the Motion to Dismiss that either Defendants White or Stump actually searched the Plaintiff's residence.  The Plaintiff makes the sweeping allegation that Defendants White and Stump began to jointly participate in the alleged search and seizure occurring inside the Plaintiff's home after being called to the residence.  (See Plaintiff's Complaint at ¶ 28). However, the allegations in the Complaint against Defendants White and Stump are the definition of "naked assertions" of wrongdoing that the holding in *Twombly* and *Iqbal* seek to prevent.  *Twombly*, 550 U.S. at 557. Furthermore, the Plaintiff has failed to put forth any facts that either Defendants White or Stump actually seized any property from the Plaintiff's residence. As such, the Plaintiff's Complaint should be dismissed.

## B.    The Plaintiff still has not sufficiently pled a First Amendment Violation against Defendant McPeake.

Nothing in the Plaintiff's Response to the Motion to Dismiss would indicate that he is not entitled to qualified immunity for the alleged First Amendment violation.  In fact, the Plaintiff's Response focuses on judicial immunity which was never argued by this Defendant.  Defendant McPeake argues that he was entitled to qualified immunity.

Government officials are entitled to qualified immunity as a matter of law so long as they have not violated "clearly established statutory or constitutional rights of which a reasonable person

would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In other words, courts ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Qualified immunity extends to government officials' objectively reasonable mistakes, "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "[T]he immunity inquiry must be filtered through the lens of the officer's perceptions at the time of the incident in question." *Rowland*, 41 F.3d at 173.

Defendant McPeake was acting as Defendant Goldston's bailiff at the time of the incident. Defendant McPeake went to the Plaintiff's residence with Judge Goldston after she stopped a contempt hearing to go to the Plaintiff's residence. Defendant Goldston did not want the Plaintiff to record the contempt hearing, so Defendant McPeake seized his phone just as he would have had they been in court. Defendant McPeake had an objectively reasonable belief that he could seize the Plaintiff's cell phone as the judge continued the contempt hearing. As such, the Plaintiff has failed to properly plead a claim for Violation of the First Amendment against Defendant McPeake and Count II of the Plaintiff's Complaint should be dismissed.

### C.     The Plaintiff failed to point to a policy or custom held by the Raleigh County Commission which would make it liable in this matter.

Plaintiff's Response simply states that qualified immunity is not a defense to the direct liability of a political subdivision. However, the Raleigh County Commission's Motion to Dismiss clearly states that the Plaintiff has not sufficiently pled what policy or custom of the Raleigh County Commission is attributable to the Plaintiff's injuries. The United States Supreme Court has held that

a local government is immune from suit under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

"[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). A municipality may be liable under § 1983 for the violation of a Plaintiff's Constitutional rights "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987) cert denied, 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988).

The Plaintiff's response to the Motion to Dismiss is silent on facts indicating what policy or custom of the Raleigh County Commission is attributable to the Plaintiff's injuries. Furthermore, the Plaintiff's response to the Motion to Dismiss failed to indicate how the Raleigh County Commission was the driving force behind any policy or custom to visit litigants' homes during family court proceedings in Raleigh County.

The Plaintiff's Response to the Motions to Dismiss also failed to point to any statement, ordinance, regulation, or decision officially adopted by the Raleigh County Commission that led to a violation of the Plaintiff's rights. There is no specific mention of facts in the Plaintiff's Response to the Motion to Dismiss that in any way show that Defendant Raleigh County Commission could plausibly be liable. As such, Plaintiff's Complaint amounts to little more than "labels and conclusions" which are insufficient to plead a cause of action against the Raleigh County Commission . *Twombly*, 550 U.S. at 557. Given this, all of the Plaintiff's claims against Defendant

Raleigh County Commission should be dismissed.

**COUNTY COMMISSION OF RALEIGH COUNTY, JEFF McPEAKE, BRIAN WHITE AND BOBBY STUMP**

**By Counsel,**

/s/Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
vflanagan@pffwv.com
Kevin J. Robinson, WV State Bar No. 10181
krobinson@pffwv.com

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
252 George Street
Beckley, WV  25801
Telephone:      (304) 254-9300
Facsimile:       (304) 255-5519

6

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

v.                              **CIVIL ACTION NO.: 5:21-cv-00181**
                                 **HONORABLE FRANK W. VOLK**

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

       Defendants.

## CERTIFICATE OF SERVICE

       The undersigned, counsel of record for Defendants, does hereby certify on this 4th day of May, 2021, that a true copy of the foregoing "**DEFENDANTS COUNTY COMMISSION OF RALEIGH COUNTY, JEFF MCPEAKE, BRIAN WHITE, AND BOBBY STUMP'S REPLY TO THE PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**" was served upon opposing counsel through the Court's CM/ECF filing system as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
611 Main St.
P.O. Box 366
Union, WV  24983
jhb@johnbryanlaw.com
*Counsel for Plaintiff*

7

Jennifer E. Tully, Esquire
Adam K. Strider, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P. O. Box 3710
Charleston, WV 25337-3710
jtully@baileywvant.com
astrider@baileywvant.com
*Counsel for Defendant Louise E. Goldston*

Arie M. Spitz, Esquire
Kevin A. nelson, Esquire
Jason L. Holliday
Dinsmore & Shohl, LLP
P. O. Box 11887
Charleston, WV 25339-1887
*arie.spitz@dinsmore.com*
*kevin.nelson@dinsmore.com*
*jason.holliday@dinsmore.com*
*Counsel for Defendant Kyle Lusk*

/s/ Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
vflanagan@pffwv.com
Kevin J. Robinson, WV State Bar No. 10181
krobinson@pffwv.com

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV  25801
Telephone:      (304) 254-9300
Facsimile:      (304) 255-5519