IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

 **Plaintiff,**

**v.**
           **Civil Action No. 5:21-cv-00181**
           **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually, KYLE LUSK, individually,**

 **Defendants.**

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT LOUISE E. GOLDSTON'S MOTION TO DISMISS**

  **COMES NOW** this Defendant, the Honorable Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby offers the following Reply Memorandum in support of her previously-filed Motion to Dismiss for this Court's consideration.

  **I.**  **Defendant Louise E. Goldston must be dismissed from this case as judicial immunity applies to all claims by the Plaintiff.**

  In his Response, the Plaintiff argues that Defendant Goldston engaged in nonjudicial actions which were not taken in a judicial capacity when she moved the hearing to the Plaintiff's home in an effort to allow his ex-wife to obtain the property previously awarded to her by the Court. However, the Plaintiff makes it clear in both this Complaint and in his Statement of Facts that he did in fact view Defendant Goldston in her judicial capacity at all times, including when they were at his home. Plaintiff states in his Complaint that, upon arrival at his house, he made a motion for this Defendant

1

to recuse herself as he believed she had become a witness by being present at the house, which motion was denied. *Complaint, ¶ 19.* Additionally, in his Response he states "…the Plaintiff moved to recuse Defendant Goldston on the grounds that she had become a potential witness in the case. Judge Goldston denied the motion as untimely." *See Response, Document 15, page 3.* It can only be assumed that the Plaintiff had to view Defendant Goldston in her judicial capacity if he believed he should be making motions before her. It has long been established that judges, whether federal or state, enjoy absolute immunity from civil actions for damages challenging their judicial acts, "'even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stephens v. Herring, 827 F. Supp. 359, 361 (E.D. Va. 1993); see also Stump v. Sparkman,* 435 U.S. 349, 355-56, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978) *(quoting Bradley v. Fisher,* 80 U.S. 335, 13 Wall. 335, 20 L. Ed. 646 (1872)); *see also Clay v. Yates, 809 F. Supp.* 417, 422-23 (E.D. Va. 1992). In particular, the Supreme Court of the United States has expressly recognized that judicial immunity precludes actions for civil damages against state judges under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967).

Plaintiff argues that Defendant Goldston bears the burden of establishing the justification for her immunity, pursuant to *Antoine v. Byers & Anderson, Inc.* 508 U.S. 429, 432, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). However, the Court did not make that observation in the context of judicial immunity, but rather in the context of immunity for a court reporter. In the *Antonie* matter, the Court stated:

> The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. Accordingly, the "touchstone" for the doctrine's applicability has been "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." 500 U.S. at 500 (SCALIA, J., concurring in judgment in part and dissenting in part). When judicial immunity is extended to officials other than judges, it is because their judgments are "functionally comparable" to those of judges -- that is, because they, too, "exercise a discretionary judgment" as a part of their

2

function. *Imbler* v. *Pachtman*, 424 U.S. at 423, n.20. Cf. *Westfall* v. *Erwin*, 484 U.S. 292, 297-298, 98 L. Ed. 2d 619, 108 S. Ct. 580 (1988) (absolute immunity from state-law tort actions available to executive officials only when their conduct is discretionary).

The function performed by court reporters is not in this category.

*Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36, 113 S. Ct. 2167, 2171 (1993). Thus, the burden of establishing the justification for claimed absolute judicial immunity does not fall upon the judiciary pursuant to *Antoine*, but upon those who are working as "part of the judicial function."

Although Plaintiff argues that Defendant Goldston ceased acting in her judicial capacity and instead acted in an "executive" manner, it is clear the actions alleged in the Complaint were taken during the course of adjudicating a Family Court dispute.  It is clear from the Complaint and Plaintiff's Response that the Plaintiff at all times viewed Defendant Goldston as "Judge Goldston" and that the parties of the Family Court dispute were still taking part in the hearing before her, especially given that Plaintiff made a motion before the Judge while the parties were at his home. This is what is meant in *Stump* by saying that a judge is immune from liability arising from situations in which a plaintiff "dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Plaintiff further argues that the West Virginia Judicial Investigation Commission has already determined that she acted outside her authority and that Defendant Goldston made various admissions during the investigation.  However, an agreement was reached by the Office of Judicial Disciplinary Counsel and Judge Goldston, which resulted in Judge Goldston making certain admissions.  While a recommended decision has been issued by the West Virginia Judicial Investigation Commission that matter has not been formally decided by the West Virginia Supreme Court of Appeals.  However, the judicial immunity still applies in this matter.  It is well established that "[j]udicial immunity is an absolute immunity: it does not merely protect a defendant from

3

assessment of damages, but also protects a judge from damages suits entirely." *Lemon v. Hong*, No. CV ELH-16-979, 2016 U.S. Dist. LEXIS 71756, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)).  Judicial immunity ensures that while a judge's actions are "subject to correction on appeal or other authorized review," they do "not expose him to a claim for damages in a private action, or put him to the trouble and expense of defending such an action." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).  *Black v. West Virginia*, No. 3:19-cv-00561, 2019 U.S. Dist. LEXIS 172020, at *12-13 (S.D. W. Va. Sep. 11, 2019).  Therefore, if it is determined that Judge Goldston acted improperly that is subject to correction through the West Virginia Judicial Investigation Commission and the West Virginia Supreme Court of Appeals, not through a civil lawsuit for money damages.

## II.     This Court lacks subject matter jurisdiction over the Plaintiff's claims against Judge Goldston due to the application of the Eleventh Amendment to the United States Constitution.

Although Plaintiff argues that Defendant Goldston is not entitled to immunity pursuant to the Eleventh Amendment because she is named in her individual capacity, all allegations in the Complaint against Defendant Goldston are wholly in her official capacity as a Judge in the 13th Family Court Circuit of the State of West Virginia.  There can be no dispute that the West Virginia Supreme Court of Appeals is an arm of the state and its employee Judge Goldston is a State Official.  As a result, Judge Goldston is entitled to Eleventh Amendment protections.  It is well settled that "this protection extends also to 'state agents and state instrumentalities' or stated otherwise, to 'arms of the State' and State Officials." *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (quotations omitted).  Eleventh Amendment immunity functions as a bar to the exercise of subject matter jurisdiction.  As held by the United States Court of Appeals for the Fourth Circuit in *Roach v. West Va. Regional Jail & Correctional Facility Auth.*, 74 F.3d 46 (4th Cir. 1996), the Eleventh Amendment "limits the ability of a federal district court to exercise its subject-matter

4

jurisdiction over an action brought against a state or one of its entities." *Roach* at 48; see also *Noe v. West Virginia*, No. 3:10-CV-38, 2010 U.S. Dist. LEXIS 76906, 2010 WL 3025561, *9-10 (N.D.W.Va. 2010) (Bailey, J.).

Being that this Defendant is entitled to Eleventh Amendment immunity, the only issue that remains is whether the facts or circumstances of this matter fall within a recognized exception to the Eleventh Amendment.  As fully briefed in this Defendant's Memorandum of Law in Support of the Motion to Dismiss, none of the three narrow exceptions to the immunity enjoyed by the State and its instrumentalities pursuant to the Eleventh Amendment apply to the facts and circumstances of this matter and therefore this Defendant is shielded from liability of the allegations of Plaintiff's Complaint by the Eleventh Amendment's sovereign immunity.

## CONCLUSION

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion to Dismiss with prejudice, and grant such other relief as the Court deems just and proper.

**Louise E. Goldston,**
**By Counsel,**

 **/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
jtully@baileywyant.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually, KYLE LUSK, individually,**

    **Defendants.**

**Civil Action No. 5:21-cv-00181
Honorable Frank W. Volk**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LOUISE E. GOLDSTON'S MOTION TO DISMISS** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, May 10, 2021:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier St
Charleston, WV  25301
*Attorney For: Brian White, Jeff McPeake, Bobby Stump,
County Commission of Raleigh County*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday

Dinsmore & Shohl LLP
P.O. Box 11887
Charleston, WV 25339-1887
*Attorney For: Kyle Lusk*

  /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**