# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

Matthew Gibson

v.

CASE NO. 5:21-cv-00181

Louise E. Goldston, et al.

*Guideline for parties and attorneys:*
The parties are advised to use the *Worksheet for Report of Parties' Planning Meeting*
(located on the Court's website at www.wvsd.uscourts.gov) and the suggested
Guidelines contained in the form's comments.

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on 6/11/21 . Those participating were:

| | | |
|---|---|---|
| John Bryan | for plaintiff(s) | |
| Kevin Robinson | for defendant(s) | County Commission, et. al. |
| Jennier Tully | for defendant(s) | Goldston |
| Arie Spitz | for defendant(s) | Lusk |

2. Pre-Discovery Initial Disclosures. The parties will exchange by July 20, 2021 the information required by Fed. R. Civ. P. 26(a)(1).

3. Plaintiff(s) should be allowed until July 11, 2021 to join additional parties and until July 11, 2021 to amend the pleadings. Defendant(s) should be allowed until August 11, 2021 to join additional parties and until August 11, 2021 to amend the pleadings.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan [Use separate paragraphs or subparagraphs as necessary if the parties disagree.]:

    a. Discovery will be needed on the following subjects:

        The hearing which is at issue in this matter and liability and damages generally.

    b. The parties have reviewed Local Rule 26.5 and have discussed how the preservation, discovery, and disclosure of electronically stored information ("ESI") should be handled, including the following:

        i. It is likely that one or more parties will seek discovery of electronically stored information such as emails, files or documents stored on a server or computer, or other electronic documents.

        ☒ Yes     ☐ No

        **(If No, no other fields in Section 4.b need to be completed.)**

        The parties have generally agreed upon a format for production of ESI, as follows:

        Parties will follow rules of Federal Procedure.
        Production will be in PDF format.

        ii. The parties believe it is possible that metadata may be relevant in this case, such as the date stamp when an electronic document was created or modified.

        ☐ Yes     ☒ No

        The parties have generally agreed upon a format for production of such metadata, as follows:

    iii.    At this time, the parties have agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B).

        ☒ Yes    ☐ No

If no, identify the nature of any dispute:

The information currently stored on any parties server or third-party server.

    iv.    Have the parties agreed on any search protocol for review of electronic data including methods to filter the data?

        ☐ Yes    ☒ No

If yes, please describe:

Parties shall work on this during the course of discovery.

If no, please identify what issues remain outstanding:

N/A.

    v.    Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe:

N/A.

    vi.    Other. Identify all other outstanding issues or disputes concerning ESI:

N/A.

c.     The parties agree to file a joint motion for the entry of a protective order and to complete and submit with the motion the court's preferred Agreed Protective Order found online at www.wvsd.uscourts.gov.

■ Yes    ☐ No

If no, please explain:

d.     The parties agree to file a joint motion for the entry of an Order Governing the Inadvertent Disclosure of Documents or Other Material and to complete and submit with the motion the court's preferred Agreed Order Governing the Inadvertent Disclosure of Documents or Other Material found online at www.wvsd.uscourts.gov.

■ Yes    ☐ No

If no, please explain:

e.     The parties agree to file a joint motion for the entry of an Agreed Order Setting Disposition Protocol and to complete and submit with the motion the court's optional Order Setting Disposition Protocol available online at www.wvsd.uscourts.gov.

☐ Yes    ■ No

f.     The last day to serve discovery requests is __April 1, 2022__. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. The last date on which to take a discovery deposition is known as the

4

"discovery completion date." [Discovery on ___all issues___ to be completed by ___May 15, 2022___.]

g. The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

☒ Yes ☐ No

If the parties and attorneys believe that more discovery is needed, the basis for that belief is:

h. The parties believe that this case requires additional judicial oversight such as special case management procedures or regularly held conferences.

☐ Yes ☒ No

If yes, please describe why the case requires additional judicial oversight and the type of oversight requested:

i. Reports from retained experts under Rule 26(a)(2) due:

By the party bearing the burden of proof on an issue: ___December 10, 2021___.

By the party not bearing the burden of proof on an issue: ___January 7, 2022___.

Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: ___February 4, 2022___.

5. Magistrate judges will resolve all discovery disputes. The parties ___do not consent___ ▼ to have a United States Magistrate Judge conduct any further proceedings in this case, including trial, and order the entry of a final judgment.

6. Mediation shall take place on or before ___May 20, 2022___.

7. Potential dispositive motions shall be filed by ___May 20, 2022___, with responses and replies filed according to the Local Rules.

5

8. The parties request a pretrial conference in __June 2022__.

   The Plaintiff(s) shall submit a proposed pretrial order to Defendant(s) on or before __June 3, 2022__.

   The Defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before __June 17, 2022__.

9. Where applicable, proposed jury instructions shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before __June 24, 2022__.

10. Where applicable, findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before __June 24, 2022__.

11. A final settlement conference will take place on __week of June 20, 2022__.

12. The case shall be ready for trial by __July 2022__, and at this time is expected to take approximately __4__ days.

The parties __do not request__ a conference with the court before the entry of the scheduling order.

---

s/ **John H. Bryan**
*Signature*

John H. Bryan (WVSB# 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983

*Counsel for*: Plaintiff

s/ **Arie S. Spitz**
*Signature*

Arie S. Spitz (WVSB# 10867)
Kevin A. Nelson (WVSB# 2705)
Jason L. Holliday (WVSB# 12749)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887

*Counsel for*: Kyle Lusk

s/ **Kevin J. Robinson**
*Signature*

J. Victor Flanagan (WVSB# 5254)
Kevin J. Robinson (WVSB# 10181)
PULLIN FOWLER FLANAGAN
BROWN & POE
252 George Street
Beckley, WV 25801

*Counsel for*: County Comm. of Raleigh Co., Jeff McPeake, Brian White and Bobby Stump

s/ **Jennifer E. Tully**
*Signature*

Jennifer E. Tully (WVSB# 9356)
Adam K. Strider (WVSB# 12483)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710

*Counsel for*: Louise E. Goldston