## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,
KYLE LUSK, individually,**

    **Defendants.**

**Civil Action No. 5:21-cv-00181
Honorable Frank W. Volk**

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT
### LOUISE E. GOLDSTON'S MOTION TO DISMISS

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby offers for this Honorable Courts' consideration the following Supplemental Memorandum in support of their previously-filed Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as ordered by the Court on December 3, 2021.

### I.   SUPPLEMENTAL STATEMENT OF THE CASE

The Plaintiff filed his Complaint in this matter on March 22, 2021.  On April 19, 2021, this Defendant filed her Motion to Dismiss and supporting Memorandum of Law, which was fully briefed by the parties.  While that Motion was pending, the West Virginia Supreme Court of Appeals issued its Opinion in *In re Goldston*, No. 20-0742, 2021 WL 5370473 (W. Va. Nov. 18, 2021), which is the final stage of the judicial disciplinary proceeding arising from the same events as does

this matter.  On December 3, 2021, this Court ordered the Plaintiff and this Defendant to file supplemental briefs addressing the impact, if any, of *In re Goldston* on this case.

The West Virginia Supreme Court of Appeals' topline holdings in *In re Goldston* were that this Defendant had caused a "search" of the Plaintiff's home, and that she had violated the Code of Judicial Conduct, and ordered the imposition of a censure and a fine.  In holding that the relocation of a hearing concerning items of property involved in a divorce settlement to the Plaintiff's home in order to determine whether the property was located there was a "search," rather than a judicial "view," the Supreme Court found it significant that this Defendant went to the property to "locate" things, rather than merely to observe them.  See *WVSCA Order In re Goldston,* attached hereto **Exhibit 1** at Pg. 15.  The Court held that by participating in a "search," which is a quintessentially executive function, this Defendant exceeded her authority as a Judge, and thus violated the Code of Judicial Conduct.

Based on those findings, the Court held that a censure and the imposition of a $1,000 fine were the appropriate sanction.  In reaching this conclusion, the Court analyzed the five factors derived from *In re Cruickshanks*, 220 W. Va. 513, 648 S.E.2d 19 (2007) utilized for gauging the appropriateness of disciplinary sanctions against a judge.  **Exhibit 1** at Pg. 20.  Of key applicability to this proceeding, the Court held that this Defendant's actions were (1) related to the administration of justice, and (2) carried out in her public persona (i.e., as a judge).  See *id*. at Pg. 22.

## II.  SUPPLEMENTAL ARGUMENTS

In truth, *In re Goldston* changes the merits of this Defendant's Motion to Dismiss little, if at all.  First, a judicial disciplinary proceeding conducted pursuant to the West Virginia Code of Judicial Conduct, has no preclusive effect in this case, which is conducted under an entirely different set of authorities.  Second, while the WVSCA held that Judge Goldston had exceeded her authority

2

as a Family Court Judge, this does not impact the application of absolute judicial immunity.  In fact, the fact that Judge Goldston's alleged actions subjected her to professional discipline under the West Virginia Code of Judicial Conduct, which is applicable only to judges, is a powerful indicator that she was in fact acting in her role as a judge at the time.  This is the key component of the judicial immunity which shields Judge Goldston, and her Motion to Dismiss thus retains merit after the issuance of *In re Goldston*.

As discussed in depth in this Defendant's Memorandum and Reply Memorandum, absolute judicial immunity shields a judge "from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (internal citations omitted).  This immunity is bypassed only in two circumstances: First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's role as a judge. See *Forrester v. White*, 484 U.S. 219, 227-229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Stump* at 356-357.  In this case, the first exception is unsatisfied, because Judge Goldston was acting in her capacity as a Family Court Judge in Raleigh County, addressing a divorce hearing in that role.  The WVSCA's holding that Judge Goldston exceeded her authority as a Judge by participating in a search (and that the events which occurred constituted a "search" rather than a "view") does not alter this conclusion.  Indeed, United States Supreme Court precedent establishes that "[a]judge will not be deprived of immunity because the action he took [...] was in excess of his authority." Syl. Pt. (a), *Forrester v. White*, 484 U.S. 219, 227-229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Irrespective of whether Judge Goldston exceeded her authority in ordering and attending what the WVSCA considered to be a "search," it is nonetheless difficult to argue that she did not do so as a Judge. She addressed the litigants as a Family Court Judge in the course of a hearing in a divorce case, and ordered the hearing to reconvene at the Plaintiff's home from the bench. It is uncontroversial that it is the role of a Judge to order a search (in fact, with very few and narrow exceptions, only a Judge may order a search); what the WVSCA took issue with is that Judge Goldston attended the search and continued to participate in proceedings while the purported "search" took place.

This is analogous to the actions addressed in *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991), discussed in this Defendant's prior filings. In *Mireles*, a California judge ordered that bailiffs bring an attorney who had failed to appear for the calling of the calendar into the courtroom, and instructed them to use excessive force on him in the process. The Supreme Court held that this action, while certainly violative of the attorney's rights and outside the judge's authority, was not outside his judicial immunity. The Court reasoned that while ordering a bailiff to use excessive force was not a judge's function, ordering the bailiff to summon an attorney to court certainly is. In that respect, the judge undertook an activity which was within the role of a judge in a manner which exceeded his authority, and was protected by absolute judicial immunity. This WVSCA's findings in *In re Goldston* should be read the same way.

In this case, Judge Goldston allegedly undertook a task outside her authority in order to accomplish an end which was within her authority. The WVSCA specifically noted that a Family Court Judge may order the search for and seizure of property in order to secure compliance with a prior order. Her attendance at and participation in the alleged "search" can at worst be characterized as an *ultra vires* act in pursuit of a legitimate judicial end – a thing which, under *Mireles*, is within a

4

judicial role and protected by judicial immunity.  This conclusion is supported by the WVSCA's holdings that Judge Goldston's actions were related to the administration of justice, and carried out in her public persona (i.e., as a judge).  See **Exhibit 1** at Pg. 22.  While the WVSCA held that for a judge to take part in a search was to act "as an adjunct law enforcement officer," it held that for a judge to do this exposed them to professional discipline under the Code of Judicial Conduct, which applies only to judges.

The WVSCA's Opinion in *In re Goldston* changes little as it applies to this case.  *In re Goldston* was the culmination of a disciplinary proceeding operating under a set of professional rules of conduct which do not govern § 1983 claims.  The Motion presently at issue addresses different standards, and the WVSCA's holdings, even if applied to this case, still place Judge Goldston well within the confines of absolute judicial immunity.

### III. CONCLUSIONS

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion to Dismiss with prejudice, and grant such other relief as the Court deems just and proper.

LOUISE E. GOLDSTON,
**By Counsel,**

  /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**

                                                 **Civil Action No. 5:21-cv-00181**
                                                 **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually, KYLE LUSK, individually,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **"SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT LOUISE E. GOLDSTON'S MOTION TO DISMISS"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, December 17, 2021:

Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl, LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV  25339-1887
*Attorney For: Kyle Lusk*

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

   /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**