**GLEN R. STOTLER**
Family Court Judge
**GINGER L. JOHNSON**
Secretary/Clerk
**JOY R. CAMPBELL**
Family Case Coordinator

# FAMILY COURT JUDGE
## TWENTY-THIRD FAMILY COURT CIRCUIT



Hampshire-Mineral-Morgan
Morgan County Court House
77 Fairfax Street, Suite 201
Berkeley Springs, WV 25411
Telephone: (304) 258-7487
Fax: (304) 258-7486

March 25, 2021



The Honorable Evan H. Jenkins, Chief Justice
West Virginia Supreme Court of Appeals
Capitol Complex
Building 1, Room E-301
Charleston, WV 25305

RE: Judicial Disciplinary Counsel

Dear Chief Justice Jenkins:

I am currently serving as the Family Court member of the Judicial Hearing Board, having been appointed to that position by the Supreme Court pursuant to the Order dated February 4, 2020. It is in my position as a member of the Board that I file this complaint and request an investigation by the Supreme Court into the conduct and practices of the Judicial Disciplinary Counsel.

During my tenure on the Board, there have only been a few cases that have made it to the JHB, most recently being the case of Family Court Judge Louise Goldston. My allegations stated hereinafter are based on what occurred in that case, as well as the admonishment of Family Court Judge Eric Shuck, whose case was referenced and cited as precedence in the Goldston case.

In order to verify and substantiate some of the following allegations, I highly recommend and request that you interview FCJ Goldston and FCJ Shuck in your investigation as to how they were treated by the JDC.

It is my observation that the conduct and practices of the JDC in both of these cases is questionable and concerning. It appears evident to me that the JDC is abusing its power and authority in the way that they deceive and intimidate judges into entering into agreements with the threat if they fail to do so, the judges will be subject to far more severe penalties and consequences.

The JDC requests judges to come to their office under the disguise of just being a friendly interview and, once there, the judges are sworn in and interrogated. Further, when the judges inquire as to whether or not they should have an attorney to represent them, they

are advised that they do not need an attorney. The judges have no idea of what they are being subjected to and therefore are given no opportunity to be prepared to address the issues and interrogation to which they are subjected. Additionally, it is evident during the interrogation that the JDC actually misrepresents the law in order to coerce judges to enter into agreements. For example, the JDC presented an excerpt taken out of context from *Westover Volunteer Fire Department v. Barker*, 142 W.Va. 404 (1956), in which they implied that a judge cannot do a view during a bench trial. In actuality, the case held that a judge could not do an *ex parte* view. This was not applicable to Judge Goldston's situation, and it was misleading in its presentation.

It is also evident that the JDC misstates the facts to achieve their goal. For example, in the Goldston case the JDC represented and stated that after Judge Goldston conducted a judicial view, which was the main issue in her case, she never took any further action. It became clear at Judge Goldston's hearing, which was conducted on January 15, 2021, that after she conducted the judicial view she returned to her courtroom and had a full hearing as to what occurred during the view. The JDC had full knowledge of this information and yet failed to acknowledge this fact. Furthermore, it became evident during the JHB hearing that not only did they know Judge Goldston had a subsequent hearing, they had a video copy of the hearing in their possession and only disclosed same when questioned during the hearing. The fact that Judge Goldston had conducted a subsequent hearing was an important part of her case.

I participated in the January 15, 2021, Goldston hearing presided over by Chairman of the Judicial Hearing Board, Judge Michael Lorensen. Prior to the hearing, I had reviewed all the documents provided to me, which included the complaint and agreement. I believed a Family Court Judge had the statutory authority and inherent authority to do what Judge Goldston had done. During the hearing, I attempted to question the JDC about the basis of their complaint and it became obvious that the JDC resented my asking questions about the complaint and agreement, and objected to me asking any questions. I find it disturbing that for some reason the JDC does not apparently believe anyone, and especially a member of the JHB, has the right to question their actions. It was apparent to me that the JDC was of the opinion that we should just "rubber stamp" what they had done. I find the conduct of the JDC during this hearing to be questionable and unacceptable.

The statements made in the previous two paragraphs can be verified and substantiated by reviewing the transcript of the January 15, 2021, Goldston hearing.

Also, based upon the fact that I had attempted to question the JDC regarding the basis of their complaint during the hearing, after the hearing the JDC proceeded to file a motion to have me disqualified from participating in the decision the JHB would render in the Goldston case. Once again, it appears to me the JDC believes they are above and beyond being questioned about their actions by anyone. The mere fact that the parties have entered into an agreement in this matter in no way compels the JHB to accept their recommendation without question. It is my understanding that the JHB has the authority to accept, reject and modify any agreement the JIC would recommend to the Judicial Hearing Board.

I believe it is evident that the JDC does not believe they are answerable to anyone for their actions, their conduct, or their practices. I truly hope the Supreme Court takes this matter seriously and directs that an immediate investigation be conducted. I believe the conduct of the JDC attorneys is of such nature to warrant their termination, or at the least a serious reprimand.

Very truly yours,

Glen R. Stotler, Family Court Judge
23rd Family Court Circuit
Judicial Hearing Board Member

cc: The Honorable Elizabeth D. Walker, Justice of the WV Supreme Court of Appeals
The Honorable Tim P. Armstead, Justice of the WV Supreme Court of Appeals
The Honorable John A. Hutchison, Justice of the WV Supreme Court of Appeals
The Honorable William R. Wooton, Justice of the WV Supreme Court of Appeals
Charles S. Trump, IV, Esq., Chairman, Senate Judiciary Committee
Moore Capito, Esq., Chairman, House Judiciary Committee
Lisa A. Tackett, Director, Administrative Office
Joseph Armstrong, Administrative Director, Administrative Office
Keith Hoover, Deputy Administrative Director, Administrative Office
The Honorable Deanna R. Rock, Family Court Judge;
    President, Family Court Judicial Association