IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

  Plaintiff,

v.                                                                         Civil Action No. 5:21-cv-00181
                                                                          Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,
KYLE LUSK, individually,

  Defendants.

**DEFENDANT LOUISE E. GOLDSTON'S RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** this Defendant, Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby responds to Plaintiff Matthew Gibson's Motion for Summary Judgment, as follows:

### I. STATEMENT OF FACTS

In the interest of judicial economy, this Defendant herein incorporates and adopts the "Statement of Facts" section of her previously-filed Memorandum in Support of Defendant Louise E. Goldston's Motion for Summary Judgment. See ECF Doc. No. 66 at Pgs. 1-6.

### II. STANDARD OF REVIEW

Rule 56(a) of the *Federal Rules of Civil Procedure* provides that:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

1

law. The court should state on the record the reasons for granting or denying the motion.

F.R.C.P., Rule 56(a). In analyzing the application of Rule 56, this Court has held that:

> At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried; if not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly.

*Workman v. United Artists Theatre Circuit, Inc.*, 84 F.Supp.2d 790 (S.D. W.Va. 2000).

Furthermore, "[s]ummary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F.Supp.2d 589, 592 (S.D.W.Va. 2008) (*quoting* F.R.C.P, Rule 56(c)). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, a case involving solely a question of law is ripe to be resolved at the summary judgment stage. *See Rogers v. City of Richmond*, 851 F. Supp. 2d 983, 985 (E.D. Va. 2012); *see also Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2006) ("[a] purely legal question . . . is always capable of decision at the summary judgment stage . . . .") (internal quotation and citation omitted).

It is important to note that genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in depositions. *Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 167 (4th. Cir. 1988). A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126 (4th Cir. 1987.) Mere unsupported

2

speculation is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

### III. ARGUMENTS

**A. The West Virginia Supreme Court of Appeals' holdings in *In Re Goldston* are not *res judicata* of this matter.**

The memorandum of law filed in support of Plaintiff's Motion for Summary Judgment in majority part merely adopts the analysis by the West Virginia Supreme Court of Appeals in *In Re Goldston*, previously briefed by the Parties in this matter, and argues much as he did in his prior filing that this ruling is preclusive of an absolute judicial immunity defense. However, this cannot be the case, because absolute judicial immunity was not at issue in that matter. *In Re Goldston* is inapplicable.

Res judicata takes two primary forms: claim preclusion, and issue preclusion. First, claim preclusion has no bearing on this Motion. Under claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). In re Goldston did not concern the same claims that are at issue in this case. It was a judicial disciplinary proceeding, and this is a 42 U.S.C. § 1983 claim for alleged violations of the First, Fourth, and Fourteenth Amendments, as well as a civil conspiracy claim. None of those causes of action were adjudicated by the Supreme Court in *In Re Goldston*, and therefore claim preclusion would be entirely inappropriate.

Nor is issue preclusion applicable to this matter. Issue preclusion, or collateral estoppel, "operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction' in the first

3

litigation.'" *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210(1979)). Collateral estoppel applies only if: (1) the issue sought to be precluded is identical to the issue previously litigated; (2) the issue must have been actually litigated and determined in the prior proceeding; (3) the issue must have been necessary to the prior proceeding's decision; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is sought must have had a full and fair opportunity to litigate the issue in the previous suit. See *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994).

Courts are especially cautious about applying collateral estoppel where such estoppel is used offensively, as the Plaintiff is attempting to do here. In such cases, Courts are exhorted to use "'special care' to ensure that preclusion will not lead to unjust results." *Fate v. Dixon*, 649 F. Supp. 551, 559 (E. D. N. C. 1986). "Fairness to the defendant" is a critical finding necessary to the application of offensive collateral estoppel. *Jack Faucett Associates v. American Telephone and Telegraph Co.*, 240 U.S. App. D.C. 103, 744 F.2d 118, 125 (D.C. Cir. 1984), *cert. denied* 469 U.S. 1196, 105 S. Ct. 980, 83 L. Ed. 2d 982. "As so often is the case, no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, decision will necessarily rest on the trial courts' sense of justice and equity." *Blonder-Tongue Labs, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 333-334, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971).

Is discussed above, *In Re Goldston* was a judicial disciplinary proceeding, conducted under the West Virginia Code of Judicial Conduct ("CJC") and West Virginia Rules of Judicial Disciplinary Procedure ("RJDP"). In its ruling, the Supreme Court affirmed the Judicial Hearing Board's conclusion that Rules 1.1, 1.2, 1.3, 2.2. 2.4(A), 2.4(B), and 2.5 of the Code of Judicial Conduct had been violated by the conduct at issue in this case. In that determination, the Court

4

stated that the incident occurring at the Plaintiff's home was a "search," which is a power of the executive branch of government, rather than a judicial "view." It held that in doing so, this Defendant performed an act that was outside her authority as a judge. The Plaintiff argues that these conclusions collaterally estop this Defendant from claiming absolute judicial immunity. It should be apparent from a review of the applicable standard that this is not the case.

In this case, a minimum of four (4) elements of the collateral estoppel standard are unmet by the Plaintiff's argument. First, the issues sought to be precluded are not identical to any issue adjudicated in *In Re Goldston*. Elements 2, 3, and 5 are therefore also unmet, because the same issue we address in this matter was not addressed by the Court in *In Re Goldston*.

The mere commonality of an operative set of facts is not sufficient to invoke collateral estoppel. Many Courts, including those of this Circuit, have held that where the referenced prior proceeding applied identical facts to a different legal standard, collateral estoppel was not appropriate. In *Ridley v. Leavitt*, 631 F.2d 358 (4th Cir. 1980), the Fourth Circuit addressed a collateral estoppel defense asserted against a § 1983 excessive force claim by an inmate. The defendants therein asserted that because the plaintiff had been previously convicted of assaulting the prison guards in the same interaction, that it was already established that he was the aggressor in the interaction, and that the excessive force claim was therefore precluded. See *id*. at 359. The Court disagreed, holding that the fact that the plaintiff was the initial aggressor does not foreclose the possibility that the correctional officers responded with excessive force – a question which was not at issue in the criminal proceeding. See *id*. at 359-360. An identical conclusion was reached in *Packer v. Hayes*, 79 Fed. Appx. 573 (4th Cir. 2003) (holding that state court assault conviction against correctional officer did not preclude excessive force claim regarding the same interaction).

Likewise, in *Guiden v. Southeastern Public Service Authority*, 760 F. Supp. 1171 (E. D. Va.

1991), the Eastern District of Virginia engaged in a multi-state case law survey to conclude that a prior denial of unemployment compensation upon a finding that the plaintiff was terminated for "misconduct" was not preclusive in a subsequent wrongful termination suit. See *id*. at 1176-1177. In *Guiden*, the Court notably surveyed an age discrimination case wherein the plaintiff sought to apply collateral estoppel to the reason for her termination. See *Kendall v. C.F. Industries, Inc.*, 624 F. Supp. 1102 (N.D.Ill. 1986). This was based on the fact that the plaintiff had previously applied for unemployment benefits, and the responsible administrative agency held that she was not terminated for misconduct. See *id*. at 1106. The Court declined to apply collateral estoppel, as the standard for "misconduct" as a legitimate reason for termination and "misconduct" as a basis for denying unemployment compensation were not identical. See *id*. ("[W]hen different standards are applied to the same facts in reaching a legal conclusion, the issues are not identical for purposes of issue preclusion.").

The same principle applies here. The standard for penetrating judicial immunity was discussed at length in prior filings of this case:

> There are only two sets of circumstances in which judicial immunity is overcome. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's role as a judge. See *Forrester v. White*, 484 U.S. 219, 227-229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Stump* at 356-357. This does not mean, however, that judges are liable for actions which are merely beyond their authority. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*. at Syl. Pt. (a). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump* at 362; see also *Forrester* at 227-229.

ECF Doc. No. 10 at Pg. 7. This principle was further expounded upon in *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991), as follows:

6

> Of course, a judge's direction to police officers to carry out a judicial order with excessive force is not a "function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. at 362. But if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a "nonjudicial" act, because an improper or erroneous act cannot be said to be normally performed by a judge. If judicial immunity means anything, it means that a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.*, at 356. See also *Forrester v. White*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Accordingly, as the language in Stump indicates, the relevant inquiry is the "nature" and "function" of the act, not the "act itself." 435 U.S. at 362. In other words, we look to the particular act's relation to a general function normally performed by a judge, in this case the function of directing police officers to bring counsel in a pending case before the court.

*Mireles* at 12-13.

These standards were not addressed in *In Re Goldston*, because judicial immunity was not in issue in that matter. Because judicial immunity is a defense only in civil suits for damages, a judicial disciplinary proceeding would have no use for that standard. Neither are any of the rules of the West Virginia Code of Judicial Conduct duplicative of these standards. See W. Va. CJC 1.1, 1.2, 1.3, 2.2. 2.4(A), 2.4(B), and 2.5. Thus, the issue sought to be precluded is not identical to any issue decided in the prior proceeding, and the first element of the collateral estoppel determination is unmet.

Likewise, the second element is unmet. Since the issue sought to be precluded was not addressed in the prior proceeding, it cannot have been "actually litigated and determined." *Ramsay* at 210. In the same manner, an unaddressed issue cannot have been "necessary to the prior proceeding's decision," leaving the third element unmet. *Id*. Finally, this Defendant cannot have had "a full and fair opportunity to litigate the issue in the previous suit" when the issue was not addressed in that suit. *Id*. The fifth element is therefore also unmet. Given that four of the five elements of collateral estoppel are unmet, its application is therefore inappropriate, and the Plaintiff's Motion for Summary Judgment should be denied in this respect.

**B. The *Rooker-Feldman* doctrine is inapplicable in the context in which the Plaintiff seeks**

7

**to apply it.**

The Plaintiff also incorporates by reference into his Memorandum a prior argument that this Defendant's judicial immunity defense is barred by the application of the *Rooker-Feldman* doctrine. This is not the case, and *Rooker-Feldman* has no application in the Plaintiff's contentions, as will be discussed herein.

The *Rooker-Feldman* Doctrine is "a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement v. State of South Carolina*, 401 F.3d 534, 537 (4th Cir. 2005). Under *Rooker-Feldman*, "federal district courts are barred from considering issues already presented by a party and decided by a state court and also are barred from hearing Constitutional claims that are 'inextricably intertwined with questions [so] ruled upon by a state court.'" *Id*. (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)) (Emphasis added). Thus, "the controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997)).

A federal claim is "inextricably intertwined" with a state court decision if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id*. (quoting *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (4th Cir. 2000)). *Rooker-Feldman* deprives a federal District Court of jurisdiction "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl* at 202 (internal quotations omitted).

First, *Rooker-Feldman* is an odd fit for the Plaintiff's argument, because it is a jurisdictional doctrine, not a preclusion doctrine. Lower federal courts lack jurisdiction to hear the relitigation of

issues decided by a state court of competent jurisdiction. See *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006). After a review of available case law, this Defendant was unable to locate any example of *Rooker-Feldman* being used offensively – to bar a court from hearing a defense to a claim it otherwise has jurisdiction to hear. This paucity of precedent for the maneuver Plaintiff is attempting fits logically too: it would be bizarre for a Court to have jurisdiction to hear a claim, but not the defenses thereto.

Jurisdictional considerations aside, the State Supreme Court's ruling in *In Re Goldston* could have no applicability to the immunity asserted by this Defendant, because the *In Re Goldston* ruling and the ruling which this Defendant asks the Court to make herein are not in conflict. While the State Supreme Court held that this Defendant exceeded her authority as a judge, and violated the Code of Judicial Conduct, it would not be inconsistent for this Court to hold that she is protected from civil suit by judicial immunity for the same actions which allegedly violated the CJC. Read together, those rulings would state that this Defendant allegedly exceeded her authority in ordering the proceeding at the Plaintiff's home, but continued to act as a judge – and to be approached and addressed as a judge by the parties – in doing so. This would be an entirely consistent body of law on this incident, because, as the Mireles Court laid out, exceeding one's authority or performing an act that is prohibited to judges is insufficient to remove the cloak of judicial immunity.

This Defendant is not asking this Court to overrule *In Re Goldston*. Neither is she seeking a ruling which would be in conflict with it. Thus, *Rooker-Feldman* does not bar her immunity defense, and Plaintiff's Motion is without merit in this regard.

**C. The Plaintiff's Motion for Summary Judgment should be denied due to the application of judicial immunity to this Defendant's actions.**

The Plaintiff's Motion for Summary Judgment should be denied on the basis that this Defendant is protected by absolute judicial immunity. As this argument is discussed at length in the

9

Memorandum of Law in Support of Defendant Louise E. Goldston's Motion for Summary Judgment, those arguments are incorporated and adopted herein. See ECF Doc. No. 66 at Pgs. 7-12.

## IV. CONCLUSIONS

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court DENY the Plaintiff's Motion for Summary Judgment, and grant her such other relief as the Court deems just and proper.

**LOUISE E. GOLDSTON,**

**By Counsel,**

 /s/   Adam K. Strider
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

v.                                                           **Civil Action No. 5:21-cv-00181**
                                                            **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually, KYLE LUSK, individually,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT LOUISE E. GOLDSTON'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, April 11, 2022:

Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl, LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV  25339-1887
*Attorney For: Kyle Lusk*

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan<br>
Law Office of John H. Bryan<br>
PO Box 366<br>
Union, WV 24983<br>
*Attorney For: Matthew Gibson*

  /s/ **Adam K. Strider**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**