IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

    Plaintiff,

v.                                            CIVIL ACTION NO.: 5:21-cv-00181
                                               HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

    Defendants.

## DEFENDANTS COUNTY COMMISSION OF RALEIGH COUNTY, JEFF MCPEAKE, BRIAN WHITE, AND BOBBY STUMP'S REPLY TO THE PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, County Commission of Raleigh County, Jeff McPeake, Brian White, and Bobby Stump, by and through counsel, J. Victor Flanagan, Kevin J. Robinson and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and file this reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. In reply to the Plaintiff's memorandum, Defendants reiterate the arguments made in the Memorandum of Law in Support of their Motion for Summary Judgment, and additionally state as follows:

    **A.**    **Defendants McPeake, White, and Stump are still entitled to Qualified Immunity.**

In his response to the motion for summary judgement, Plaintiff contends that Defendants McPeake and Stump are not entitled to qualified immunity because a warrantless search of the

Plaintiff's home took place. However, the Plaintiff's response to the motion for summary judgment, as well as the record in this case, are devoid of any evidence that McPeake and Stump ever actually searched the Plaintiff's residence. Furthermore, the Plaintiff failed to point to any case law which would indicate that the deputies' mere presence at the Plaintiff's home with a judge would constitute a search. This is not a case in which the officers arrived at the Plaintiff's home just to conduct a search of the Plaintiff's home because of some animus or bias against the Plaintiff. Deputy McPeake accompanied Judge Goldston to the home of the Plaintiff after Judge Goldston stopped a contempt hearing at the Raleigh County Courthouse and continued the hearing at the Plaintiff's home. In addition, Deputies White and Stump were dispatched to the Plaintiff's home by emergency services personnel after Deputy McPeake requested assistance.

Plaintiff also argues that subject ignorance of the law does not invoke qualified immunity. However, these Defendants are not arguing that they were simply ignorant of the law. The Defendants' argument is that the Plaintiff's rights were not clearly established at the time of the incident. Whether or not the Plaintiff's rights were clearly established is the appropriate standard in determining whether or not government officials are entitled to qualified immunity. Furthermore, there was no existing precedent putting these officers on notice that bailiffs could not accompany judges to litigants' homes.

The United States Supreme Court has repeatedly held for decades that police officers, as well as other government officials, are entitled to qualified immunity unless their conduct violates a right that was "clearly established" at the time of the violation. For a right to be clearly established, there must be existing precedent placing illegality of the conduct beyond debate, *White v. Pauly*, 137 S.Ct. 548, 552 (2017), so that "every reasonable official would have understood that what he was

doing violates that right." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)

The test is intensely fact specific. The clearly established law must be 'particularized' to the facts of the case. *White*, 137 S.Ct. at 552. Thus, the question a court must decide when evaluating whether an official is entitled to qualified immunity is whether it was "clearly established" that the officer's particular conduct violated the plaintiff's rights. *Id.* The inquiring "must be undertaken in the light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

In the context of this case, Deputy McPeake was acting as bailiff for Judge Goldston at the time of the alleged search. Deputy McPeake did not go the Plaintiff's residence on his own. Deputy McPeake went to the Plaintiff's residence to accompany the judge as she reconvened the contempt hearing at the Plaintiff's home. As stated before, there was no existing precedent putting these officers on notice that bailiffs could not accompany judges to family court litigants' homes. As a matter of fact, at the time of the incident, it was not clear whether or not the judge's actions constituted a search. That was the very reason why the Judicial Hearings Board requested guidance from the Supreme Court of Appeals of West Virginia. (See Opinion of the Supreme Court of Appeals of West Virginia at p. 1 attached to the Motion for Summary Judgment as Exhibit H). As one can analyze, even the Judicial Hearings board was unclear of the law at that time.

As the Fourth Circuit Court of Appeals has stated: "We do not expect sheriffs to be judges and to have the training to sort through every intricacy of case law that is hardly a model of clarity." *Bland v. Roberts*, 730 F.3d 368, 394 (4th Cir. 2013). "Lay officers obviously cannot be expected to perform at the level achievable by those trained in the law." *Id.* Qualified Immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal

questions." *Lane v. Franks*, 573 U.S. 228, 243, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

All of the deputies had objectively reasonable beliefs that they could be present at the Plaintiff's residence on the day of the incident. Therefore, these Defendants are entitled to summary judgment.

### B. Plaintiff has still failed to put forth any evidence that the Raleigh County Commission had a policy or custom of violating the Plaintiff's rights.

Plaintiff has still failed to put forth any evidence that the Raleigh County Commission was the driving force behind the violation of the Plaintiff's rights. It is not the policy of the Raleigh County Commission or the Raleigh County Sheriff's Department to visit the homes of family court litigants. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (U.S. 1978). Local government, therefore, may not be sued under 1983 solely on a respondeat theory, but rather only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury for which the government as an entity is responsible under § 1983. *Id*. at 694; See also *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. W.Va. 1999)(holding plaintiffs seeking to impose liability on a municipality must adequately plead and prove existence of an official policy or custom that is fairly attributed to the municipality and that proximately caused the deprivation of their civil rights).

In other words, a municipality is liable when a "policy or custom" is "fairly attributable to the municipality as its 'own,' and is ... the 'moving force' behind the particular constitutional violation."

*Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). Even though Deputy McPeake and Deputy Stump when they worked as bailiffs at the Raleigh County Courthouse may have received permission from their superiors to accompany judges when the judges visited litigants' homes, it still did not make it the policy of the Raleigh County Commission or the Raleigh County Sheriff's Department to visit the homes of family court litigants to search for marital property.

The Raleigh County Commission and the Raleigh County Sheriff's Department provides the judges with bailiff services. "A bailiff is an officer of the court to which he or she is assigned, subject to its control and supervision, and responsible for preserving order and decorum, taking charge of the jury, guarding prisoners, and other services which are reasonably necessary for the court's proper functioning." Syllabus Point 2, *In re Pauley* 173 W.Va. 228, 314 S.E.2d 391 (1983). The Supreme Court of Appeals of West Virginia defined a bailiff as "'[a] court officer or attendant who has charge of a court session in the matter of keeping order, custody of the jury, and custody of prisoners while in court.'" *In re Pauley*, 173 W.Va. 228, 233, 314 S.E.2d 391, 396 (1983). "It is essential that the bailiff understands his role as an officer of the court attendant to the judge or magistrate to whom he is assigned." *Id.* If any deputy were to visit the residence of a family court litigant in Raleigh County, it was have been at the behest of the presiding family court judge not because of a policy adopted by the Raleigh County Commission.

To impose municipal liability based on the decision of a final policy making official, the final policy making official must have been "aware of the constitutional violation and either participated in, or otherwise condoned it." *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). In this matter, no one with final policy making decision authority knew if it was unlawful for a judge to visit litigants' homes. The Plaintiff has failed to put forth any evidence that the Raleigh County

Commission knew that a judge visiting a family court litigant's home was unconstitutional. Therefore, the Raleigh County Commission is entitled to summary judgment.

### C. Defendant Deputy Brian White should be dismissed from this action.

In his response to the motion for summary judgment, Plaintiff admitted that Defendant Brian White had limited involvement or participation during the incidents that are the subject of this litigation and had no objection to him being dismissed as a Defendant. Therefore, Deputy Brian White should be dismissed from this action.

### PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, these Defendants request that this Honorable Court grant their Motion for Summary Judgment and grant Defendants any other and further relief which the Court deems appropriate.

**COUNTY COMMISSION OF RALEIGH COUNTY, JEFF McPEAKE, BRIAN WHITE AND BOBBY STUMP**

By Counsel,

/s/ Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
Kevin J. Robinson, WV State Bar No. 10181

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
252 George Street
Beckley, WV 25801
Telephone:    (304) 254-9300
Facsimile:    (304) 255-5519

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

v.                                      **CIVIL ACTION NO.: 5:21-cv-00181**
                                         **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 18th day of April, 2022, that a true copy of the foregoing "**DEFENDANTS COUNTY COMMISSION OF RALEIGH COUNTY, JEFF MCPEAKE, BRIAN WHITE, AND BOBBY STUMP'S REPLY TO THE PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT**" was served upon opposing counsel by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

                John H. Bryan, Esquire
                Law Office of John H. Bryan
                611 Main St.
                P.O. Box 366
                Union, WV 24983
                jhb@johnbryanlaw.com
                *Counsel for Plaintiff*

Jennifer E. Tully, Esquire  
Adam K. Strider, Esquire  
Bailey & Wyant, PLLC  
500 Virginia Street, East, Suite 600  
P. O. Box 3710  
Charleston, WV 25337-3710  
jtully@baileywvant.com  
astrider@baileywvant.com  
*Counsel for Defendant Louise E. Goldston*

/s/ Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
Kevin J. Robinson, WV State Bar No. 10181

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV 25801
Telephone:  (304) 254-9300
Facsimile:  (304) 255-5519

Doc. No. 485

8