# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

MATTHEW GIBSON,

   Plaintiff,

v.                                                                              Civil Action No. 5:21-cv-00181
                                                                            Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,

   Defendants.

### DEFENDANT LOUISE E. GOLDSTON'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF ORDERS, FINDINGS, AND OTHER FILINGS OF THE JUDICIAL INVESTIGATORY COMMISSION AND WEST VIRGINIA SUPREME COURT OF APPEALS IN *IN RE: GOLDSTON*

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby moves this Honorable Court *in limine* pursuant to Rules 401, 402, 403, 404(b), and 704 of the Federal Rules of Evidence to exclude from the trial of this matter the introduction, mention, or reference to all Orders, Findings, and other filing sof the Judicial Investigatory Commission and West Virginia Supreme Court of Appeals in the matter of *In Re: Goldston*, cited in the briefing of this matter.

Prior to the initiation of this civil action, disciplinary proceedings were instituted against this Defendant by the West Virginia Judicial Investigatory Commission ("WVJIC"). In the course of this proceeding, a Formal Statement of Charges was issued by the WVJIC. This Defendant reached an

agreement with the WVJIC, in which she admitted to the WVJIC's factual account of the events underpinning the proceeding, and admitted to violating certain rules of the Code of Judicial Conduct. Thereafter, the Hon. Michael D. Lorensen, sitting as Judicial Hearing Board Examiner, entered a Recommended Decision adopting the Agreement and imposing a fine of $5,000. This matter thereafter came before the West Virginia Supreme Court of Appeals, which resulted in the opinion cited at length in the briefing of the parties' cross-motions for summary judgment.

The Supreme Court's topline holdings in *In re Goldston* were that this Defendant had caused a "search" of the Plaintiff's home, and that she had violated the Code of Judicial Conduct, and ordered the imposition of a censure and a fine. In holding that the relocation of a hearing concerning items of property involved in a divorce settlement to the Plaintiff's home in order to determine whether the property was located there was a "search," rather than a judicial "view," the Supreme Court found it significant that this Defendant went to the property to "locate" things, rather than merely to observe them. See *WVSCA Order In re Goldston,* at Pg. 15. The Court held that by participating in a "search," which is a quintessentially executive function, this Defendant exceeded her authority as a Judge, and thus violated the Code of Judicial Conduct.

Based on those findings, the Court held that a censure and the imposition of a $1,000 fine were the appropriate sanction. In reaching this conclusion, the Court analyzed the five factors derived from *In re Cruickshanks*, 220 W. Va. 513, 648 S.E.2d 19 (2007) utilized for gauging the appropriateness of disciplinary sanctions against a judge.

The Plaintiff has indicated that he intends to introduce the documents issued in these proceedings before the jury at the trial of this matter in his Rule 26(a)(3) disclosures. See ECF Doc. No. 83. This Defendant seeks the exclusion of these documents, or any mention of the same, as they are wholly irrelevant to any contested issue of fact in this case, and have great potential to unduly

mislead or confuse the jury as to the applicable standard they are to apply. Further, portions of these documents contain improper Rule 404(b) evidence, which serves no permissible purpose in this case, and should be excluded under that rule.

> **A. The proceedings of the WVJIC and West Virginia Supreme Court of Appeals should be excluded under Rules 401, 402, and 403, as they are wholly irrelevant to any contested issue of fact in this matter, and their prejudicial impact greatly exceeds their probative value.**

Evidence is admissible only if it is relevant. See Fed. R. Evid. 402. Rule 401 of Federal Rules of Evidence provides the following test for relevant evidence:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. However, even relevant evidence is subject to further scrutiny. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The documents at issue in this Motion are properly excluded from the trial of this case first because they are wholly irrelevant. The facts of this case do not appear to be in dispute – nor could they reasonably be, given that substantially all relevant events occurred on video which is in the possession of all parties. But to the extent the jury has a factual dispute to resolve, the legal opinions of the Supreme Court of Appeals and Judicial Hearing Board do not make any potentially disputed fact more or less likely. Further, this Defendant's admission in the Agreement to having violated various rules of judicial conduct have no bearing on any decision for the jury to make in this case, as none of the Plaintiff's claims arise under the WVCJC. Thus, as they make no material fact more or

3

less likely, they are irrelevant and properly excluded under Rule 402.

However, even if the documents at issue offer some marginal relevance, they should nonetheless be excluded as more prejudicial than probative under Rule 403. Factors for which evidence may be excluded under Rule 403 include "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this case, the evidence at issue is greatly unfairly prejudicial, and has great potential to confuse the issues and mislead the jury.

As discussed in the briefing of this Defendant's Motion to Dismiss, and the parties' cross Motions for Summary Judgment, the Plaintiff's claims involve distinct elements of proof from the standard for discipline under the WVCJC, with no overlap. Presenting the jury with judicial opinions applying different legal standards to the case facts than those which they will be instructed on is inherently confusing to a lay juror, and likely to mislead them as to what they are here to decide. Rhetorically, if they are not here to decide whether this Defendant violated the WVCJC, why are they hearing about it? The Fourth Circuit has been explicit in holding that exposing the jury to inapplicable legal standards injects confusion into the proceedings. "It is, of course, well established that the introduction of an extraneous and irrelevant legal issue into the case […] may so confuse or mislead the jury that a new trial is warranted." *United States v. Perl*, 584 F.2d 1316, 1322 (4th Cir. 1978). "Extraneous Law may be quite as prejudicial as extraneous Facts. Verdicts should be based only on the evidence in the case and the pertinent law as applied to that evidence." *Id*. at 1323 (quoting *United States v. Hill*, 417 F.2d 279, 281 (5th Cir. 1969)); see also *United States v. Leggett*, 312 F.2d 566 (4th Cir. 1962).

Finally, the documents have a great unfairly prejudicial impact, because the conclusions expressed in the documents – that this Defendant violated the WVCJC – attach a veneer of

4

wrongdoing to this Defendant's actions without informing whether the legal standards at issue in this case were violated. In effect, they cast this Defendant's conduct as vaguely "bad" and are likely to result in the jury wrongly conflating the WVCJC and the constitutional standards at issue in this case. This far outweighs the marginal-at-best, and more likely nonexistent, probative value of these documents.

### B. The proceedings of the WVJIC and West Virginia Supreme Court of Appeals should be excluded under Rule 704.

The documents at issue are also subject to exclusion from the trial because they constitute impermissible opinion evidence under Rule 704 of the Federal Rules of Evidence. Rule 704 does not permit testimony or evidence which "states a legal standard or draws a legal conclusion by applying law to the facts." *United States v. Hoffman*, Criminal Action No. 5:09-cr-002162010 U.S. Dist. LEXIS 33414 (S.D.W.Va., Apr. 5, 2010) (quoting *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2010). Instructing the jury on legal standards is the exclusive province of the trial judge.

The documents at issue herein state a legal conclusion by applying the law of the WVCJC and attendant case law to the underlying case facts. These documents are just as much opinion testimony as if the Plaintiff were to call the members of the West Virginia Supreme Court of Appeals and Judicial Hearing Board to the stand to offer their opinion of whether the applicable standards were violated. As discussed in the foregoing section, it is an irrelevant legal opinion, but it is a legal opinion nonetheless, and is improper under Rule 704. These documents are thus properly excluded under that rule.

### C. The documents from the WVJIC and Supreme Court of Appeals proceeding contain improper Rule 404(b) evidence which does not appear offered for any proper Rule 404(b) purpose. In the alternative, the Defendant requests a Rule 404(b) hearing on the same.

The evidence at issue in this Motion is also subject to exclusion under Rule 404(b), because it

5

contains evidence of other alleged bad acts, which do not meet the test of that Rule. Rule 404(b) of the Federal Rules of Evidence counsels that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of this type may be admissible if offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In this case, the documents at issue contain accounts of this Defendant having employed the practice contested in this case on other occasions. To the extent this practice is a violation of the First, Fourth, or Fourteenth Amendments, this would be evidence of other bad acts, and is thus impermissible unless offered for a permissible purpose. The Plaintiff has not indicated that these documents are offered for any of the permissible Rule 404(b)(2) purposes, and, unless they are shown to be useful under those provisions, should thus be excluded.

### D. Conclusions

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion *in Limine*, and prohibit the introduction of the evidence discussed herein.

**LOUISE E. GOLDSTON,**
**By Counsel,**

  **/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

    Plaintiff,

v.                                                                               Civil Action No. 5:21-cv-00181
                                                                                     Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

    Defendants.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing " **DEFENDANT LOUISE E. GOLDSTON'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF ORDERS, FINDINGS, AND OTHER FILINGS OF THE JUDICIAL INVESTIGATORY COMMISSION AND WEST VIRGINIA SUPREME COURT OF APPEALS IN *IN RE: GOLDSTON***" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 6, 2022:

J Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl, LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV  25339-1887
*Attorney For: Kyle Lusk*

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*


  **/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**