**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MATTHEW GIBSON,**

**Plaintiff,**

**v.**

**Civil Action No. 5:21-cv-00181**
**Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

**Defendants.**

**MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF THE LETTER FROM THE HON. GLEN R. STOTLER, ADMONISHMENT OF THE HON. ERIC SHUCK, AND TESTIMONY OF GAIL CAMP RAY**

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby moves this Honorable Court *in limine* pursuant to Rules 401, 402, and 403, of the Federal Rules of Evidence to exclude from the trial of this matter the introduction, mention, or reference to the letter from the Hon. Glen R. Stotler, Admonishment of the Hon. Eric Shuck, and testimony of Gail Camp Ray in this case.

The Plaintiff indicated in his Rule 26(a)(3) Disclosures that he intends to introduce a letter drafted and sent by the Hon. Glen R. Stotler, Family Court Judge of the 23rd Family Court Circuit and member of the Judicial Hearing Board, written to the Chief Justice of the West Virginia Supreme Court of Appeals criticizing the *In Re: Goldston* WVJIC proceedings. He also indicated that he intends to introduce an admonishment of the Hon. Eric Shuck, Family Court Judge of the 13th Family

Court Circuit, for performing the same type of home inspection at issue in this case. He additionally disclosed that he may introduce the testimony of Gail Camp Ray, an unrelated person who he claims was "threatened" with a home inspection. These should be excluded, because they are wholly irrelevant, and unfairly prejudicial in this matter.

Evidence is admissible only if it is relevant. See Fed. R. Evid. 402. Rule 401 of Federal Rules of Evidence provides the following test for relevant evidence:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. However, even relevant evidence is subject to further scrutiny. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Defendant is frankly at a loss as to what permissible purpose this evidence could conceivably serve in this case. The first item of evidence at issue in this Motion is a letter from a Judicial Hearing Board member taking issue with the proceedings of *In Re: Goldston*. Judge Stotler's views on WVJIC proceedings have nothing to do with any contested factual issue in this case. Likewise, the second is an admonishment of a different judge for performing a similar home inspection, purportedly in violation of the WVCJC, which also has no bearing on whether this Defendant took or did not take the actions the Plaintiff alleges in his Complaint. Further, this admonishment constitutes a legal opinion, which, as discussed in this Defendant's Motion *in Limine* to Preclude the Introduction of Orders, Findings, and Other Filings of the Judicial Investigatory Commission and West Virginia Supreme Court of Appeals in *In Re: Goldston*, usurps the

instructional function of the trial judge, and risks confusing the issues. See ECF Doc. No. __ at Pgs. ___. Lastly, Ms. Camp's purported testimony involves a wholly different proceeding, and the Plaintiff does not even claim that she was "threatened" with a home search by this Defendant.1 What issue for the jury to decide this would be relevant to is not apparent.

The only conceivable use these documents could have in this case is an impermissible and prejudicial one: a transparent "Reptile" tactic. "Reptile tactics" are a variant of expressly disallowed "Golden Rule" techniques, and this strategy should not be tolerated by the Court. The authors of the tactic admit that is a subversive strategy that seeks play upon subconscious and uncontrollable emotions that can be triggered within individual jurors. The goal is to achieve a verdict based on these emotions rather than a dispassionate determination of the facts and their application to the controlling legal standards.

A fundamental part of "reptile tactics" is to portray the conduct of defendants as a threat to the juror's own safety and the safety of others in the community. The strategy is laid out in great detail in *Reptile: The 2009 Manual of the Plaintiff's Revolution* (Balloon Press 2009). This manual openly advances a trial methodology intended to appeal to a juror's sense of self-preservation rather than logic. The premise behind the method is that the "reptilian part" of a person's brain controls autonomic functions, such as hunger, sex, and danger avoidance. If a juror's instinct for survival can be triggered through general threats and community safety arguments, then the reptilian part of the brain (which they call "the Reptile") takes control of the individual juror's decision-making process. In order to rely on the reptile approach, Plaintiff must focus upon broad safety concerns and

1 To the extent that the Plaintiff claims Ms. Camp was threatened with a home inspection by this Defendant, this would also be excludable as impermissible Rule 404(b) evidence, as argued in this Defendant's Motion *in Limine* to Preclude the Introduction of Orders, Findings, and Other Filings of the Judicial Investigatory Commission and West Virginia Supreme Court of Appeals in *In Re: Goldston*. See ECF Doc. No. __ at Pg. __. In the alternative, this Defendant requests a Rule 404(b) hearing on the admissibility of this evidence.

community safety arguments with the hope that the jury will award a large verdict in order protect themselves and their community. By design, the use of reptile techniques admittedly seeks an inflated jury verdict that is not based upon logic or justice.

The "reptile" method seeks to interject a juror's self-preservation instinct into the trial process by using exaggerated analogies, broad safety rules, and community safety arguments at every available juncture. For instance, it is suggested that the following statements be made during closing arguments: "It's up to you to decide how far someone has to go in breaking the community's safety rules before you - as the community's representatives - decide he must pay full and fair compensation for the harm he's done." -And- "If you give this defendant a pass for what he did, what do you think will happen next? What will others do in this community when they see what this defendant got away with?" Such arguments are not based upon the actual facts of the case, but rather "what ifs" which are intended to scare jurors and trigger an emotional, rather than logical, response.

The "Reptile" manual instructs that the proper implementation of this scare tactic involves expanding the actual issues for the jury to address. The focus cannot be merely upon the facts of the case or the proper legal standard for those facts. Instead, the focus will be on how much harm could be caused in "other kinds of situations." The "Reptile" manual acknowledges that a key component of the tactic is to ignore the actual context of the case and to ask jurors to imagine similar dangers in other situations having nothing to do with the dispute being litigated.

By introducing the admonishment of another judge for similar purportedly "bad" conduct, a letter by a third Family Court criticizing the disciplinary procedures instituted against this "bad" conduct, and the testimony of an unrelated person who he claims was threatened with a similar proceeding, the Plaintiff appears to be attempting to suggest to the jury that there is some kind of epidemic of these types of home inspections. There is a shady cabal of Family Court judges who are

going to come rifle through the jurors' homes if they do not award the Plaintiff a huge verdict, so he will argue (or, more tactfully, tacitly suggest through the introduction of these documents).

If the Plaintiff has another purpose in mind for this evidence, it is not apparent on its face. If this comes to fruition, it carries unfair prejudice which far outweighs any marginal relevance these documents may carry, and thus should be excluded under Rules 402 and 403.

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT this Motion *in Limine*, prohibiting the introduction of the documents at issue herein, and grant her such other relief as the Court deems just and proper.

**LOUISE E. GOLDSTON,**
**By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MATTHEW GIBSON,**

**Plaintiff,**

**v.**

**Civil Action No. 5:21-cv-00181**
**Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

**Defendants.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing " **MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF THE LETTER FROM THE HON. GLEN R. STOTLER, ADMONISHMENT OF THE HON. ERIC SHUCK, AND TESTIMONY OF GAIL CAMP RAY**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 6, 2022:

J Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl, LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV 25339-1887
*Attorney For: Kyle Lusk*

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
*Attorney For: Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV 24983
*Attorney For: Matthew Gibson*

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**