## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**
                                        **Civil Action No. 5:21-cv-00181**
                                        **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually,**

    **Defendants.**

### LOUISE E. GOLDSTON'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF TERESA TARR AND BRIAN LANHAM

    **COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby moves this Honorable Court *in limine* pursuant to Rules 401, 402, 403, and 704 of the Federal Rules of Evidence to exclude from the trial of this matter the testimony of Judicial Disciplinary Counsel Teresa Tarr and Brian Lanham as irrelevant, unduly prejudicial, and as improper legal opinion testimony to the extent the Plaintiff intends to elicit the same from these witnesses.

    Evidence is admissible only if it is relevant.  See Fed. R. Evid. 402.  Rule 401 of Federal Rules of Evidence provides the following test for relevant evidence:

    Evidence is relevant if:

    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

    (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.  However, even relevant evidence is subject to further scrutiny.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Ms. Tarr and Mr. Lanham have no firsthand knowledge of the facts of this case.  Their only remotely related role was advocating during the WVJIC proceeding against this Defendant. Therefore, any factual testimony they could offer would relate to the proceeding WVJIC proceeding, the facts of which are not in issue in this case, rendering any testimony these witnesses could offer irrelevant.  Any knowledge they have of the actual facts underlying this case would be hearsay, and any opinion they could offer about the conclusions they reached in the course of the WVJIC proceeding would be a legal opinion which is prohibited under Rule 704.[1]

However, even if some marginal relevance could be ascertained from these witnesses' knowledge, it would be far outweighed by the danger of unfair prejudice.  As their only firsthand knowledge pertains to the WVJIC proceedings, which were held under a different legal standard than any claim in this case, their testimony to that effect has great potential to mislead the jury and confuse the issues.

As discussed in the briefing of this Defendant's Motion to Dismiss, and the parties' cross Motions for Summary Judgment, the Plaintiff's claims involve distinct elements of proof from the standard for discipline under the WVCJC, with no overlap.  Presenting the jury with extraneous information about a proceeding applying different legal standards to the case facts than those which

_____

[1] Rule 704 does not permit testimony or evidence which "states a legal standard or draws a legal conclusion by applying law to the facts."  *United States v. Hoffman*, Criminal Action No. 5:09-cr-002162010 U.S. Dist. LEXIS 33414 (S.D.W.Va., Apr. 5, 2010) (quoting *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2010).

they will be instructed on is inherently confusing to a lay juror, and likely to mislead them as to what they are here to decide.  Because the Plaintiff's suit herein is not brought under the WVCJC, this is precisely why this testimony should not be permitted – it would inherently inject inapplicable legal standards into the proceeding.

The Fourth Circuit has been explicit in holding that exposing the jury to inapplicable legal standards injects confusion into the proceedings.  "It is, of course, well established that the introduction of an extraneous and irrelevant legal issue into the case […] may so confuse or mislead the jury that a new trial is warranted."  *United States v. Perl*, 584 F.2d 1316, 1322 (4th Cir. 1978). "Extraneous Law may be quite as prejudicial as extraneous Facts. Verdicts should be based only on the evidence in the case and the pertinent law as applied to that evidence."  *Id*. at 1323 (quoting *United States v. Hill*, 417 F.2d 279, 281 (5th Cir. 1969)); see also *United States v. Leggett*, 312 F.2d 566 (4th Cir. 1962).

Finally, this testimony would have a great unfairly prejudicial impact, because the conclusions of the proceeding in which they were involved – that this Defendant violated the WVCJC – attach a veneer of wrongdoing to this Defendant's actions without informing whether the legal standards at issue in this case were violated.  In effect, they cast this Defendant's conduct as vaguely "bad" and are likely to result in the jury wrongly conflating the WVCJC and the constitutional standards at issue in this case.  This far outweighs the marginal-at-best, and more likely nonexistent, probative value of this testimony, which should result in its exclusion.

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion *in Limine*, and prohibit the introduction of the evidence discussed herein.

**LOUISE E. GOLDSTON,**
**By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

MATTHEW GIBSON,

    **Plaintiff,**

v.                                            **Civil Action No. 5:21-cv-00181**
                                              **Honorable Frank W. Volk**

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**LOUISE E. GOLDSTON'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF TERESA TARR AND BRIAN LANHAM**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Monday, June 06, 2022:

J Arie M. Spitz
Kevin A. Nelson
Jason L. Holliday
Dinsmore & Shohl, LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV  25339-1887
*Attorney For: Kyle Lusk*

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**