IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

vs.                                               Civil Action No. 5:21-cv-00181
                                                Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,

       Defendant.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT LOUISE E. GOLDSTON'S NOTICE OF NON-PARTY FAULT

Now comes the Plaintiff, Matthew Gibson, and hereby moves to strike "Defendant Louise E. Goldston's Notice of Non-Party Fault," [Doc. 87], upon the grounds that (1) W. Va. Code § 55-7-13d(a) is inapplicable to Section 1983 claims in Federal Court; (2) Defendant Goldston has failed to satisfy the requirements of said statute even if it were applicable; and (3) the said motion is presented for the improper purpose of harassing and retaliating against Plaintiff and his counsel's protected First Amendment speech. In support hereof, Plaintiff states as follows:

The Complaint in this matter was filed on March 22, 2021. Service of process was achieved on Defendant Goldston on March 29, 2021. On June 2, 2022, Defendant Goldston filed her "Defendant Louise E. Goldston's Notice of Non-Party Fault," citing W. Va. Code § 55-7-13d(a) as the basis for said filing. Therein, Defendant Goldston makes the bizarre argument

1

that Plaintiff's counsel should be considered by the jury as in joint "fault" with Defendant Goldston for constitutional injury inflicted on the Plaintiff.

West Virginia Code § 55-7-13d(a) is inapplicable in the Section 1983 claims against the Defendant, which are not state law claims, but rather Federal constitutional claims pursuant to 42 U.S.C. 1983. State statutes are inconsistent with the Constitution or federal law when they conflict with the main policies of section 1983: deterrence and compensation. Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 488 (1980). "Federal courts finding that comparative fault and contributory negligence are not applicable have found that these affirmative defenses are inconsistent with the policies of deterrence and compensation." *See, e.g.* McHugh v. Olympia Entm't, Inc., 37 Fed. App'x. 730, 736 n.4 (6th Cir. 2002) ("To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation."); *cited b*y Moreno v. Corr. Healthcare Cos. at 7-8 (E.D. Wash. 2019) ("Adopting the reasoning from McHugh, applying Washington's comparative fault and contributory negligence statutes would be "inconsistent with the Constitution and the laws of the United States," and, therefore, would not be applicable in this action. 42 U.S.C. § 1988(a).").

Thus, damages are not apportioned in purely federal section 1983 actions. Moreover, punitive damages are specific to individual defendants under federal law. *See, e.g.*, Punitive Damages, Model Civ. Jury Instr. 9th Cir. 5.5 (2019) ("You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants."). This view is supported by the Supreme Court's view in Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695 (1979) ("Section 1983 imposes liability for violations of

rights protected by the Constitution, not for violations of duties of care arising out of tort law"), and by its statement in Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 666 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"). In Zinermon v. Burch, 494 U.S. 113, 129 n.14, 110 S.Ct. 975, 985 (1990), the Supreme Court described Daniels v. Williams as ruling "that a negligent act by a state official does not give rise to § 1983 liability." Thus state comparative fault statutes are inapplicable as an affirmative defense in the context of section 1983 liability, which requires intentional acts by particular defendants. Nor could a non-party private actor share "fault" under section 1983 for damages caused by intentional acts of civil rights violations by government officials.

Even if § 55-7-13d(a) were applicable, Defendant has failed to satisfy its provisions. Defendant has provided no theory of liability against the non-party. As already discussed, there is no theory of joint fault applicable to the listed non-party, which perhaps explain the fact that Defendant failed to issue a notice until long after the statutory time period for doing so.[1] Defendant conflates the apportionment of "fault" for constitutional injuries sought under section 1983 with subsequent protected First Amendment speech. Whether the latter could aggravate or affect emotional damage occasioned by the former, even if accurate, cannot establish fault to be apportioned by the jury in this action. If it could, then any third party, reporter, or social media commentator could be listed on a verdict form for consideration, which is of course, absurd. Instead, Defendant Goldston is free to do exactly what her counsel did in Plaintiff's deposition, which is to question him about emotional damages he attributes to the constitutional injury alleged. Counsel is free to challenge Plaintiff's testimony through such questioning. But to seek

---

[1] Plaintiff understands that the statutory time period isn't necessarily enforceable in federal court.

to include Plaintiff's counsel on the verdict form is not only confusing, prejudicial, and inappropriate, but outright retaliation and harassment.

Moreover, Defendant Goldston's claims that Plaintiff's counsel shares "fault"[2] for damages inflicted by her serious misconduct, is easily proven to be false. Defendant cited a portion of Plaintiff's deposition transcript, which includes only a portion of the relevant testimony cited by Defendant. Looking at the rest of the transcript, Plaintiff stated that, in response to defense counsel's questions about release of the footage, he thought "it was very important to get [his] story out," and that he "had to get justice" by authorizing the release of the video footage publicly. (Gibson Deposition at 181, lines 7-14). Plaintiff testified that, "There was only one way of getting justice, was to put it out there. I mean, again, for 20 years, people were scared to speak up."

Plaintiff further testified that he felt that publicly releasing the footage was an important step he was forced to take, whether or not it resulted in additional suffering. (Gibson Deposition at 183, lines 4-22). Plaintiff's testimony demonstrates that the release of the video footage in the first place was his decision. As such, the decision to do so was not the action of a non-party at all, but rather the choice of the Plaintiff. Indeed, it was the public release of the video footage which directly and immediately resulted in the inception of a judicial disciplinary investigation against the Defendant, which the Court is well aware. If section 1983 liability exists against the Defendant, it already existed as of the date of the unconstitutional conduct on March 4, 2020.

---

[2] W.Va. Code § 55-7-13d(a)(1) clearly defines the term "fault" as it pertains to apportionment as: "Fault" means an act or omission of a person, which is a proximate cause of injury or death to another person or persons, damage to property, or economic injury, including, but not limited to, negligence, malpractice, strict product liability, absolute immunity, liability under section two [§ 23-4-2], article four, chapter twenty-three of this code or assumption of the risk." W.Va. Code § 55-7-13b (emphasis added); cited by Metheney v. Deepwell Energy Servs. (N.D. W.Va. 2021).

Subsequent media reports, releases or discussions are wholly irrelevant to that liability. Ironically, the Defendant's notice is yet another example of her misuse of her judicial position to attempt to suppress protected First Amendment speech.

Defendant's filing of the instant motion was wholly frivolous and performed for an improper purpose, causing unnecessary expense to the Plaintiff. Therefore, Plaintiff is seeking an award of attorney fees for being forced to respond to the same.

WHEREFORE, the Plaintiff respectfully requests that this Court GRANT his Motion to Strike Defendant Louise E. Goldston's Notice of Non-Party Fault, an award of reasonable expenses, including attorney fees, and for such other and further relief as this Court deems just and fit.

> MATTHEW GIBSON,
> By Counsel

_/s/ John H. Bryan_____
John H. Bryan, State Bar ID # 10259
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
jhb@johnbryanlaw.com
(304) 772-4999
Fax: (304) 772-4998
*For Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

vs.                                                        Civil Action No. 5:21-cv-00181
                                                            Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

       Defendant.

## **CERTIFICATE OF SERVICE**

       I, John H. Bryan, do hereby certify that I have delivered a true copy of the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT LOUISE E. GOLDSTON'S NOTICE OF NON-PARTY FAULT, has been served upon counsel of record by using the CM/ECF System, this the 9th day of June, 2022, and addressed as follows:

| | |
|---|---|
| Jennifer E. Tully, Esq. | J. Victor Flanagan, Esq. |
| Adam K. Strider, Esq. | Kevin J. Robinson, Esq. |
| Bailey & Wyant, PLLC | Pullin Fowler Flanagan, Brown & Poe, PLLC |
| 500 Virginia Street, East, Suite 600 | 252 George Street |
| PO Box 3710 | Beckley, WV 25801 |
| Charleston, WV 25337-3710 | *Counsel for Raleigh County Defendants* |
| *Counsel for Louise E. Goldston* | |

/s/ John H. Bryan_____
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com