**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MATTHEW GIBSON,**

    **Plaintiff,**

v.                                        **CIVIL ACTION NO.: 5:21-cv-00181
HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,**

    **Defendants.**

## DEFENDANTS' RALEIGH COUNTY COMMISSION, JEFF MCPEAKE, BRIAN WHITE AND BOBBY STUMP'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING UNDERLYING CONTEMPT ALLEGATIONS

Comes now the Defendants, Raleigh County Commission, Jeff McPeake, Brian White and Bobby Stump, by counsel, Kevin J. Robinson, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and files the following response to the Plaintiff's Motion in *Limine* regarding underlying contempt allegations. In support thereof, the Defendants submit the following:

1. There is now pending before the Court a Motion *in Limine* regarding underlying contempt charges against the Plaintiff because he failed to comply with the divorce order.

2. Plaintiff argues that the issue of whether the Plaintiff in-fact violated the underlying settlement agreement or divorce order is not relevant to his Section 1983 action.

3. Furthermore, Plaintiff makes the misleading argument that the contempt proceedings were already litigated to a final conclusion in Family Court, which he alleges resulted in a dismissal of the

contempt petition with no adjudication finding Plaintiff in contempt.

4. Plaintiff knows fully well that the contempt proceedings were not fully litigated at the time the incident that is the subject of this litigation occurred because that is why he was in Family Court on March 4, 2020.

5. For instance, Plaintiff's Complaint states that he was in front of Judge Goldston on March 4, 2020, for a contempt hearing:

> The Formal Statement of Charges alleged, as is so alleged hereby by the Plaintiff, that on March 4, 2020, during a **contempt hearing** in the Plaintiff's divorce case, Defendant Goldston, along with her Co-Defendants herein, entered the Plaintiff's home to search and seize items of personal property which Mr. Gibson was alleged to have failed to turn over to his ex-wife following the finalization of his divorce more than one year earlier. (See Doc. 1 at paragraph 10).

6. As such, the Plaintiff's argument that the contempt proceedings were already litigated to a final conclusion is quite perplexing.

7. Furthermore, the Plaintiff argues that re-litigating the contempt issues is irrelevant under Rule of Evidence 401.

8. In addition, Plaintiff states that this evidence should be excluded under Rule 403 of the Federal Rules of Evidence because any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

9. Rule 403 of the Federal Rules of Evidence states:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

10. What is relevant will usually depend upon the nature of the evidence introduced on direct examination. Also, evidence has "probative value" if it tends to prove an issue. *See* Black's Law Dictionary Six Edition.

11. At trial, if the Plaintiff purports to introduce evidence that he followed the divorce order and produced all of his ex-wife's marital property or that he was not in a contempt hearing on March 4, 2020, then the Defendants should be allowed to introduce evidence that the Plaintiff was in fact in violation of the divorce order and that he was in court on March 4, 2020, for a contempt hearing. This evidence could be used to impeach or rebut any witness's testimony as to the nature of the contempt hearing, why the Plaintiff was in Court on March 4, 2020, and why the Defendants went to his place of residence on that day.

**WHEREFORE**, pursuant to the Federal Rules of Civil Procedure, the Defendants pray that this Honorable Court deny Plaintiff, Matthew Gibson's Motion *in Limine* regarding the underlying contempt allegations. Defendant also requests any other and further relief as this Honorable Court may deem just and proper.

**COUNTY COMMISSION OF RALEIGH COUNTY, JEFF McPEAKE, BRIAN WHITE AND BOBBY STUMP**

**By Counsel,**

/s/ Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
Kevin J. Robinson, WV State Bar No. 10181

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
252 George Street
Beckley, WV  25801
Telephone: (304) 254-9300
Facsimile:  (304) 255-5519
vflanagan@pffwv.com
krobinson@pffwv.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**                                                         **CIVIL ACTION NO.: 5:21-cv-00181
HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendants, does hereby certify on this 13th day of June, 2022, that a true copy of the foregoing "**DEFENDANTS' RALEIGH COUNTY COMMISSION, JEFF MCPEAKE, BRIAN WHITE AND BOBBY STUMP'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING UNDERLYING CONTEMPT ALLEGATIONS**" was served upon opposing counsel through the Court's CM/ECF filing System as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
611 Main St.
P.O. Box 366
Union, WV  24983
jhb@johnbryanlaw.com
*Counsel for Plaintiff*

4

Jennifer E. Tully, Esquire
Adam K. Strider, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P. O. Box 3710
Charleston, WV 25337-3710
jtully@baileywvant.com
astrider@baileywvant.com
*Counsel for Defendant Louise E. Goldston*

                        /s/ Kevin J. Robinson
                        J. Victor Flanagan, WV State Bar No. 5254
                        Kevin J. Robinson, WV State Bar No. 10181