IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   **Plaintiff,**

v.                                                                            **Civil Action No. 5:21-cv-00181**
                                                                               **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

   **Defendants.**

### DEFENDANT LOUISE E. GOLDSTON'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING UNDERLYING CONTEMPT ALLEGATIONS

    **COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby responds to Plaintiff's Motion in Limine requesting that the Defendants be precluded from presenting evidence pertaining to the underlying contempt allegations at issue in Plaintiff's Family Court action. Plaintiff seeks to keep the jury from fully understanding the totality of the circumstances of the March 4, 2020, hearing and to handicap Judge Goldston from providing testimony that fully explains her decision-making process in going to the Plaintiff's home.

    Plaintiff's own Complaint states that he was in front of Judge Goldston on March 4, 2020, for a contempt hearing:

> The Formal Statement of Charges alleged, as is so alleged hereby by the Plaintiff, that on March 4, 2020, during a **contempt hearing** in the Plaintiff's divorce case, Defendant Goldston, along with her Co-Defendants herein, entered the Plaintiff's home to search and seize items of personal property which Mr. Gibson was alleged to

have failed to turn over to his ex-wife following the finalization of his divorce more than one year earlier. (See Doc. 1 at paragraph 10).

Further, Plaintiff testified in his deposition that the contempt hearing went on for almost two years, which make his argument that the contempt proceedings were already litigated to a final conclusion quite perplexing. *See deposition of Matthew Gibson, page 45, line 24 to page 46, line 1, attached hereto as* **Exhibit 1**. While the ultimate conclusion of the contempt was reported by the Plaintiff to have been dismissed, the fact that the parties were in Court on March 4, 2020, due to a Motion for Contempt is extraordinarily relevant.

Plaintiff argues that the Defendants are attempting to re-litigate the contempt issue and that it is irrelevant under Rule of Evidence 401. However, the Defendant is not attempting to relitigate anything, but rather is seeking to provide the jury with **all the facts** surrounding the events of March 4, 2020. What is relevant will usually depend upon the nature of the evidence introduced on direct examination. To not allow evidence of the hearing on the Motion to Contempt will create a void in the factual evidence of this matter and keep the jury in the dark about why the parties were together that day at all.

Rule 401 of *Federal Rules of Evidence* provides:

> Evidence is relevant if:
>
> (a)   it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b)   the fact is of consequence in determining the action.

"Under Rule 401, evidence having any probative value whatsoever can satisfy the relevancy definition. This is a liberal standard favoring a broad policy of admissibility." *McDougal v. McCammon*, 193 W. Va. 229, 232, 455 S.E.2d 788, 791 (1995). Evidence and testimony regarding why there was a hearing taking place on March 4, 2020, in the matter of *Gibson v. Gibson,* is

absolutely relevant to the decision-making process undertaken by Judge Goldston and this information will be of consequence to the jury in deliberating this matter. "All relevant evidence is admissible." *Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 77 (S.D. W. Va. 1996). Franklin D. Cleckley, largely mirroring the Federal Rules of Evidence, has stated that "the Court need only ask 'does the evidence aid the court in answering the questions before it?'" Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 4-1(C), 4-7 (4th ed. 2000) (emphasis in original). The only answer to this question is "yes." To answer this question in any other way would be to hamper Judge Goldston's ability to defend the allegations against her and to unduly prejudice her in an irreparable manner.

**WHEREFORE**, pursuant to the *Federal Rules of Evidence*, the Defendant prays that this Honorable Court deny Plaintiff, Matthew Gibson's Motion *in Limine* regarding the underlying contempt allegations. Defendant also requests any other and further relief as this Honorable Court may deem just and proper.

**Louise E. Goldston,
By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   **Plaintiff,**

v.                                                Civil Action No. 5:21-cv-00181
                                                      Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

   **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT LOUISE E. GOLDSTON'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING UNDERLYING CONTEMPT ALLEGATIONS**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Monday, June 13, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,
Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

        **/s/ Jennifer E. Tully**
        **Jennifer E. Tully (WV Bar #9356)**
        **Adam K. Strider (WV Bar #12483)**
        **BAILEY & WYANT, PLLC**
        **500 Virginia Street, East, Suite 600**
        **Post Office Box 3710**
        **Charleston, West Virginia 25337-3710**
        **T: 304.345.4222**
        **F: 304.343.3133**
        **jtully@baileywyant.com**
        **astrider@baileywyant.com**