IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   Plaintiff,

v.                                                               Civil Action No. 5:21-cv-00181
                                                                Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

   Defendants.

**JUDGE LOUISE E. GOLDSTON'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANT GOLDSTON'S STATE SUPREME COURT ADJUDICATION**

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby responds to Plaintiff's Motion in Limine requesting that defendants be precluded from presenting evidence, arguments, or opinions inconsistent with the findings and rulings in the West Virginia Supreme Court Case No. 20-0742, *In re: The Matter of the Honorable Louise E. Goldston, Judge of the 13th Family Court Circuit.* Plaintiff argues that any opinion or evidence that this Defendant has that is contrary to the Order is not relevant under Rule 401 of the Federal Rules of Evidence. This Defendant has filed a Motion in Limine regarding the Order at issue here. *See Defendant Louise E. Goldston's Motion In Limine To Preclude The Introduction Of Orders, Findings, And Other Filings Of The Judicial Investigatory Commission And West Virginia Supreme Court Of Appeals In In Re: Goldston* seeking the exclusion of these documents, or any mention of the same, as they are wholly irrelevant to any

contested issue of fact in this case, and have great potential to unduly mislead or confuse the jury as to the applicable standard they are to apply. As more fully discussed in this Defendant's Motion in Limine, portions of these documents contain improper Rule 404(b) evidence, which serves no permissible purpose in this case, and should be excluded under that rule. The Order at issue in this Motion is properly excluded from the trial of this case first because it is wholly irrelevant. Further, the Order at issue is also subject to exclusion from the trial because it constitutes impermissible opinion evidence under Rule 704 of the Federal Rules of Evidence. Rule 704 does not permit testimony or evidence which "states a legal standard or draws a legal conclusion by applying law to the facts." *United States v. Hoffman*, Criminal Action No. 5:09-cr-002162010 U.S. Dist. LEXIS 33414 (S.D.W.Va., Apr. 5, 2010) (quoting *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2010).

The Plaintiff simply states that Judge Goldston's disagreement and argument with both factual and legal findings by the State Supreme Court is not relevant under FRE Rule 401 and that any testimony or argument would be confusing to the jury. However, should the Plaintiff be permitted to question Judge Goldston regarding the WVSCA Order, she must be permitted to respond accordingly.

Rule 701 of the Federal Rules of Evidence provides that:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a)   rationally based on the witness's perception;

(b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c)   not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*See* F.R.E., Rule 701.

In this matter, all three requirements are met- (1) Judge Goldston has personal knowledge of all facts involved; (2) there is clearly a rational connection between the opinion and thoughts of Judge Goldston's decision to conduct a view of the Plaintiff's home on March 4, 2020 and the WVSCA Order and this testimony would also provide the basis for understanding regarding Judge Goldston's reasoning and decisions made on March 4, 2020 to go the Plaintiff's home; (3) finally, Judge Goldston's opinions regarding the WVSCA Order and/or her actions on March 4, 2020 does not require any scientific, technical, or other specialized knowledge within the scope of Rule 702.

Allowing Judge Goldston to provide opinion testimony regarding whether or not she agrees with the WVSCA Order would not prejudice the Plaintiff, however to prevent the Judge from voicing any disagreement she may have and require that she agree with all the findings would be wholly prejudicial to her and would act to essentially force her to commit perjury.

**WHEREFORE**, in light of the foregoing, the Defendant Goldston prays that this Honorable Court enter an **ORDER** denying *Plaintiff's Motion in Limine Regarding Defendant Goldston's State Supreme Court Adjudication* and further award this Defendant any and all other relief this Honorable Court deems just and proper.

                                                   **Louise E. Goldston,**
                                                   **By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**MATTHEW GIBSON,**

  **Plaintiff,**

**v.**                                                                **Civil Action No. 5:21-cv-00181**
                                                                        **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually,**

  **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**JUDGE LOUISE E. GOLDSTON'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANT GOLDSTON'S STATE SUPREME COURT ADJUDICATION**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 13, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

        **/s/ Jennifer E. Tully**
        **Jennifer E. Tully (WV Bar #9356)**
        **Adam K. Strider (WV Bar #12483)**
        **BAILEY & WYANT, PLLC**
        **500 Virginia Street, East, Suite 600**
        **Post Office Box 3710**
        **Charleston, West Virginia 25337-3710**
        **T: 304.345.4222**
        **F: 304.343.3133**
        **jtully@baileywyant.com**
        **astrider@baileywyant.com**