IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

v.                                                    Civil Action No. 5:21-cv-00181
                                                       Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

    **Defendants.**

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT LOUISE E. GOLDSTON'S NOTICE OF NON-PARTY FAULT**

**COMES NOW** this Defendant, Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby responds to the Plaintiff's Motion to Strike Notice of Non-Party Fault, as follows.

On June 2, 2022, this Defendant filed a Notice of Non-Party Fault, identifying Plaintiff's counsel, John H. Bryan, Esq., as a potentially liable party to appear on the verdict form. See ECF Doc. No. 87. This was based on the Plaintiff's unequivocal deposition testimony that at least a portion of the emotional distress which he claims to have experienced as a result of this incident, was due not to the incident itself, but to publicity given to the incident. This publicity was caused, not by any Defendant in this case, but by Mr. Bryan uploading the video footage of the incident to his YouTube channel and making several other blog and video posts about it. See *id*. at Pgs. 2-3. On

June 9, 2022, the Plaintiff filed a Motion to Strike, asking that the Court strike this Notice from the case record. See ECF Doc. Nos. 99-100.

As grounds for his Motion to Strike the Plaintiff relies on two (2) primary bases. First, he argues that West Virginia's non-party fault structure is inapplicable in the context of a civil rights claim. Second, he argues without evidence that the Notice was filed for an improper purpose of "retaliation" and free speech suppression. Neither of these arguments should be availing, and Mr. Bryan should appear on the verdict form.

### A. There is no reason the non-party fault statute should not apply where a Plaintiff claims a civil rights violation.

The Plaintiff's entire argument for why West Virginia's non-party fault statute should not apply in a civil rights context is misdirected. He argues, missing the point, that a plaintiff cannot be comparatively at fault for a civil rights violation. For instance, a law enforcement officer defendant accused in a 42 U.S.C. § 1983 case of beating an arrestee cannot assert the fact that the plaintiff should not have broken the law, leading to his arrest in the first place, as a comparative fault defense against § 1983 liability. While this is true, it has little bearing here.

An injury or corpus of injuries can have multiple causes, one of which can be a civil rights violation, and another can be something else. This is the case here. Imagine that in the same case above, the arrestee who is beaten by the officer suffers a broken left leg as a result. He is then transported to the hospital, but on the way there, the ambulance driver negligently wrecks the ambulance, causing the arrestee's right leg to break. Imagine further that the negligent ambulance driver is the arrestee's uncle and he does not wish to sue him.

While the broken bones and their associated medical costs can be neatly allocated between the officer and the ambulance driver – one who committed a civil rights violation and one who was

negligent – the arrestee's pain and suffering from these two events is not so easily divisible, and yet it is obviously the case that he suffered more as a result of both actions together than he would have as a result of the officer's actions alone. There is no reliable way to just exclude from evidence any testimony about the pain and suffering caused by the ambulance driver's negligence, because pain and suffering is fungible and experienced in an undivided manner. The only solution, therefore, is to permit the jury to make that allocation. It would be unjust to charge the officer with the result of the ambulance driver's negligence, even in part, and it is far from uncommon for plaintiffs to file claims asserting both civil rights and negligence claims on the part of different defendants contributing to the same injury or corpus of injuries. There is no law in this circumstance which would prohibit a Notice of Non-Party Fault against the ambulance driver, just as there would be no law which would prohibit the arrestee from suing the ambulance driver in the same cause of action if he so wished.

This distinction is actually reflected in the primary case cited by the Plaintiff, purportedly in support of his position. In *McHugh v. Olympia Entm't, Inc.*, 37 Fed. Appx. 730 (6th Cir. 2002), a concertgoer who claimed he was battered in the course of being forcibly removed from the concert venue brought both § 1983 claims and negligence claims against the various police officers and private security personnel who removed him. See *id*. at 732-733. The jury found the plaintiff therein was 60% comparatively at fault for his injuries and thus awarded zero compensatory damages for negligence based on Michigan's comparative fault statute, and awarded undivided noneconomic and punitive damages based on the § 1983 claims free from comparative fault. See *id*. at 733.[1]

In fact, this Court has addressed cases in which a Notice of Non-Party Fault was filed regarding allegedly negligent parties which may have by their negligence contributed to the same

---

1 This occurred following a reinstruction by the District Court that the 50% comparative negligence bar did not apply to civil rights claims after the jury initially returned a verdict of $0 in compensator damages and $1.2M in punitive damages,

3

injuries as were allegedly caused by a § 1983 defendant. In *Dean v. City of Kenova*, Civil Action No. 3:21-0197, 2022 U.S. Dist. LEXIS 72098, 2022 WL 1157502 (S.D.W.Va., Apr. 19, 2022), an estate administrator brought § 1983 claims against the City of Kenova and several police officers for excessive force leading to the decedent's wrongful death. See *id*. at *2. The plaintiff therein also brought medical negligence claims against Cabell-Huntington Hospital and the Marshall University Board of Governors in a separate, previously-settled suit, on the basis that medical malpractice occurring during his hospitalization after the excessive force incident also contributed to his death. See *id*. at *3. The City of Kenova defendants rightly filed a Notice of Non-Party Fault, permitting the jury to allocate a share of fault for the decedent's death to the medical negligence defendants. See *id*. at *1-*2. Like the one in this case, that Notice did not seek to apportion a share of fault for the alleged civil rights violations, but for a share of the corpus of damages to which both the alleged civil rights violation and alleged negligence contributed.

Likewise, in this case, the Plaintiff is claiming damages for emotional distress, anxiety, embarrassment, etc. Like pain and suffering or a person's death, emotional distress is also fungible and undivided. The Plaintiff testified in his deposition that he has experienced anxiety both from the incident itself, and from the publicity caused by his attorney. These are independent acts independently contributing to his overall corpus of alleged emotional distress, not a comparative fault division of any alleged violation of his civil rights. It would be reasonable for a jury to conclude that Mr. Bryan caused[2] his client to suffer a greater total amount of emotional distress by

---

as the District Judge suspected jury confusion on this basis. Whether this reinstruction was coercive was the primary issue on appeal. See *McHugh*, 37 Fed. Appx. at 736-739.

2 The Plaintiff argues that the Defendant did not name a cause of action under which Mr. Bryan could be at fault for this. While the applicable statute does not require this, a jury could reasonably conclude that this act satisfies either a negligence or professional malpractice framework, or invasion of privacy for undue publicity given to another's private life.

uploading the video of the events to his YouTube channel and publishing several additional video and blog posts about it, than he would have absent this publicity.

While the Plaintiff points to deposition testimony indicating that he believed the publicity was somehow necessary, or that the anxiety he experienced from it was worthwhile to achieve a higher purpose, this is an irrelevant consideration. The fact that the arrestee in the above hypothetical does not wish to sue the ambulance driver does not make injuries caused by the ambulance driver attributable to the officer. Likewise, the fact that the Plaintiff does not wish to hold Mr. Bryan liable for his conduct does not make emotional damages caused by Mr. Bryan attributable to the named Defendants. Further, it is not at all clear why Mr. Bryan's publicity was "necessary" to achieve justice or satisfaction or any other general purpose of the legal system. Online publicity does not further the disciplinary complaint the Plaintiff filed against this Defendant, nor does it have any bearing on this lawsuit (except perhaps to pollute the jury pool with preconceived notions). Given that it caused the Plaintiff anxiety and emotional distress, the only perceptible benefit from this publicity is to Mr. Bryan's law firm marketing operation.[3] The fact that the Plaintiff does not personally feel that he has "been had" by this arrangement is irrelevant.

Finally, the Plaintiff's spurious contention that permitting Mr. Bryan to appear on the verdict form would subject "any third party, reporter, or social media commentator" to a spot on the verdict form ignores Mr. Bryan's relationship to his client. Unlike a person's attorney, "any third party, reporter, or social media commentator" does not have an ethical, professional, and contractual duty to act in the Plaintiff's interest. These persons simply cannot be equivocated.

---

3 The fact that the interests of the Plaintiff and his counsel – a detriment to the Plaintiff's mental and emotional wellbeing set against a benefit to Mr. Bryan's law firm marketing – diverge so starkly arguably creates a conflict for Mr. Bryan to even present this Motion.

5

Accordingly, this case does not follow in the lineage of the principles prohibiting a comparative fault consideration for civil rights violations. Rather, like the jury's affirmed verdict in *McHugh*, it presents multiple wrongs based upon multiple legal theories – at least one of which was committed by Mr. Bryan – contributing to the total scope of an undivided corpus of emotional injury. The Plaintiff's argument in his Motion to Strike is therefore unavailing, and the same should be denied.

  **B.  The Notice of Non-Party Fault was timely filed under existing case precedent.**

While appearing to concede that the procedural deadline for filing a Notice of Non-Party Fault is inapplicable in federal court,[4] the Plaintiff nonetheless makes a sidelong claim that the Notice was filed untimely, in spirit if not in effect. This is not the case, as this Court has found the discovery rule framework to apply to the Notice of Non-Party Fault deadline. See *Estate of Burns v. Cohen*, Civil Action No. 5:18-cv-00888, 2019 U.S. Dist. LEXIS 158317, 2019 WL 4463318 *6-*10 (S.D.W.Va., Sept. 17, 2019) (Berger, J.) ("the Defendant's notice of consideration of fault of nonparties was filed within 180 days of the interrogatory response which put the Defendant on notice […] there is good cause to extend the timing requirement imposed by the state statute to correspond with the Defendant's discovery of information necessary to complete the notice.")

In this case, the fact that the Plaintiff suffered anxiety and emotional distress as a result of the publicity given to the events of this case was not discovered until his deposition on February 23, 2022. The Notice was filed on June 2, 2022, well within 180 days of that deposition. Therefore, even if the deadline were applicable in federal court, the Notice was nonetheless timely. To the

---

4 The Plaintiff's supposition in this regard is correct. This Court has several times determined the 180-day deadline from service under West Virginia's Non-Party Fault statute to be inapplicable in federal court under the *Erie* doctrine. For a lengthy and scholarly discourse on why this is the case, please refer to *Courtland Co. v. Union Carbide Corp.*, Civil Action No. 2:18-cv-01230, 2020 U.S. Dist. LEXIS 229653, 2020 WL 7234281, *15-*29 (S.D.W.Va., Dec. 10, 2020)

extent the Plaintiff wishes to argue untimeliness as a basis to strike the Notice, such an argument lacks merit.

### C.  The Plaintiff's allegations of bad faith on the part of this Defendant are baseless.

The Plaintiff goes on, without any evidentiary support, to accuse this Defendant of bad faith and cast aspersions about her motives in filing the Notice. As discussed in the foregoing sections, the Notice is substantively meritorious and procedurally proper. Even if the Court finds that this Defendant's position is incorrect, the position advanced by this Defendant is certainly one which a reasonably attorney would advance in good faith in zealous advocacy for their client in an adversarial system, placing on the Plaintiff an onus which he has not met to offer some evidence that it was improperly motivated.

If anything, it is the Plaintiff's Motion to Strike which is frivolous, contorting and conflating wildly disparate legal theories in an effort to equivocate them, and impugning this Defendant and defense counsel's character without basis. Thus, there are no grounds on the record for the Court to take up the Plaintiff's allegations of improper motive, and his Motion to Strike should be roundly denied.

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court **DENY** the Plaintiff's Motion to Strike, and grant her such other relief as the Court deems just and proper.

                                                                  **LOUISE E. GOLDSTON,**
                                                                  **By Counsel,**

---

(Copenhaver, S.J.). For a more concise analysis, please refer to *Estate of Burns v. Cohen*, Civil Action No. 5:18-cv-00888, 2019 U.S. Dist. LEXIS 158317, 2019 WL 4463318 *6-*10 (S.D.W.Va., Sept. 17, 2019) (Berger, J.).

/s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   Plaintiff,

v.                                                            Civil Action No. 5:21-cv-00181
                                                           Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

   Defendants.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing "**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT LOUISE E. GOLDSTON'S NOTICE OF NON-PARTY FAULT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 16, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**