IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

    Plaintiff,

v.                                                                             **Civil Action No. 5:21-cv-00181**
                                                                              **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

    Defendants.

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT GOLDSTON'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF THE LETTER FROM THE HON. GLEN R. STOTLER, ADMONISHMENT OF THE HON. ERIC SHUCK, AND <u>TESTIMONY OF GAIL CAMP RAY</u>**

      **COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby Replies to Plaintiff's Response to this Defendant's *Motion in Limine* to exclude from the trial of this matter the introduction, mention, or reference to the letter from the Hon. Glen R. Stotler, Admonishment of the Hon. Eric Shuck, and testimony of Gail Camp Ray in this case.

      Plaintiff did not provide any legal or substantive response to this Defendant's Motion in Limine. Plaintiff simply states that at this time he does not intend to call Gail Camp Ray or the Honorable Eric Shuck as witnesses in this matter, nor does he intend to offer into evidence the Stotler letter. Plaintiff states that this testimony and evidence may become relevant for rebuttal or impeachment purposes. However, this Defendant is unable to conceive of any reason testimony

from either of these witnesses or evidence of this letter would be needed for any impeachment purposes. This Defendant would move this Court to prohibit Plaintiff from any line of questioning that would touch upon either the alleged home search of Ms. Camp Ray, the admonishment of the Honorable Eric Shuck, or the letter by the Honorable Glen R. Stotler, as none of these are relevant to the issues before this Court. Ms. Camp's purported testimony involves a wholly different proceeding, and the Plaintiff does not even claim that she was "threatened" with a home search by this Defendant. Further, the testimony by the Honorable Eric Shuck regarding an admonishment of a different judge for performing a similar home inspection, purportedly in violation of the WVCJC, also has no bearing on whether this Defendant took or did not take the actions the Plaintiff alleges in his Complaint. Finally, Judge Stotler's views on WVJIC proceedings have nothing to do with any contested factual issue in this case.

Evidence is admissible only if it is relevant. See Fed. R. Evid. 402. Rule 401 of Federal Rules of Evidence provides the following test for relevant evidence:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. However, even relevant evidence is subject to further scrutiny. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

If the Plaintiff is permitted to illicit any testimony regarding any of these issues, it would result in an unfair prejudice which far outweighs any marginal relevance these documents may carry, and thus should be excluded under Rules 402 and 403.

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT this Motion *in Limine*, prohibiting the introduction of this testimony and the documents at issue herein, and grant her such other relief as the Court deems just and proper.

                                              LOUISE E. GOLDSTON,
                                              By Counsel,

 /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
BAILEY & WYANT, PLLC
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
jtully@baileywyant.com
astrider@baileywyant.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   Plaintiff,

v.                                                                Civil Action No. 5:21-cv-00181
                                                                Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,**

   Defendants.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of foregoing "**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT GOLDSTON'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF THE LETTER FROM THE HON. GLEN R. STOTLER, ADMONISHMENT OF THE HON. ERIC SHUCK, AND TESTIMONY OF GAIL CAMP RAY**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 21, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV 24983
*Attorney For: Matthew Gibson*

       **/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**