## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

    **Plaintiff,**

v.                                                          **Civil Action No. 5:21-cv-00181**
                                                           **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

    **Defendants.**

### DEFENDANT LOUISE E. GOLDSTON'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF TERESA TARR AND BRIAN LANHAM

**COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby Replies to Plaintiff's Response to this Defendant's *Motion in Limine* Evidence to exclude from the trial of this matter the testimony of Judicial Disciplinary Counsel Teresa Tarr and Brian Lanham as irrelevant, unduly prejudicial, and as improper legal opinion testimony to the extent the Plaintiff intends to elicit the same from these witnesses.

Plaintiff did not provide any legal or substantive response to this Defendant's Motion in Limine. Plaintiff simply states that at this time he does not intend to call Teresa Tarr or Brian Lanham as witnesses in the trial of this matter. Plaintiff states that this testimony may become relevant for rebuttal purposes. However, this Defendant is unable to conceive of any reason

testimony from either of these witnesses would be needed for any rebuttal purposes. As discussed in this Defendant's *Motion in Limine,* Ms. Tarr and Mr. Lanham have no firsthand knowledge of the facts of this case. Their only remotely related role was advocating during the WVJIC proceeding against this Defendant. Therefore, any factual testimony they could offer would relate to the proceeding WVJIC proceeding, the facts of which are not in issue in this case, rendering any testimony these witnesses could offer irrelevant. Any knowledge they have of the actual facts underlying this case would be hearsay, and any opinion they could offer about the conclusions they reached in the course of the WVJIC proceeding would be a legal opinion which is prohibited under Rule 704.[1]

Evidence is admissible only if it is relevant. See Fed. R. Evid. 402. Rule 401 of Federal Rules of Evidence provides the following test for relevant evidence:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. However, even relevant evidence is subject to further scrutiny. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

If the Plaintiff is permitted to illicit any testimony regarding any of these issues, it would result in an unfair prejudice which far outweighs any marginal relevance these documents may carry, and thus should be excluded under Rules 402 and 403.

---

1 Rule 704 does not permit testimony or evidence which "states a legal standard or draws a legal conclusion by applying law to the facts." *United States v. Hoffman*, Criminal Action No. 5:09-cr-002162010 U.S. Dist. LEXIS 33414 (S.D.W.Va., Apr. 5, 2010) (quoting *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2010).

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion *in Limine*, and prohibit the introduction of the evidence discussed herein.

        **LOUISE E. GOLDSTON,**
        **By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   **Plaintiff,**

v.                                                                 Civil Action No. 5:21-cv-00181
                                                                Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually, COUNTY COMMISSION OF RALEIGH COUNTY, a political subdivision, JEFF MCPEAKE, individually, BRIAN WHITE, individually, BOBBY STUMP, individually,**

   **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT LOUISE E. GOLDSTON'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF TERESA TARR AND BRIAN LANHAM**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 21, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,
Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

        **/s/ Jennifer E. Tully**
        **Jennifer E. Tully (WV Bar #9356)**
        **Adam K. Strider (WV Bar #12483)**
        **BAILEY & WYANT, PLLC**
        **500 Virginia Street, East, Suite 600**
        **Post Office Box 3710**
        **Charleston, West Virginia 25337-3710**
        **T: 304.345.4222**
        **F: 304.343.3133**
        **jtully@baileywyant.com**
        **astrider@baileywyant.com**