IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

     **Plaintiff,**

v.
                                    **Civil Action No. 5:21-cv-00181**
                                    **Honorable Frank W. Volk**

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,

     **Defendants.**

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT LOUISE E. GOLDSTON'S MOTION *IN LIMINE* TO PRECLUDE THE
INTRODUCTION OF ORDERS, FINDINGS, AND OTHER FILINGS OF THE
JUDICIAL INVESTIGATORY COMMISSION AND WEST VIRGINIA SUPREME
COURT OF APPEALS IN *IN RE: GOLDSTON***

     **COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully,

Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby Replies to Plaintiff's

Response to this Defendant's *Motion in Limine* exclude from the trial of this matter the introduction,

mention, or reference to all Orders, Findings, and other filing sof the Judicial Investigatory

Commission and West Virginia Supreme Court of Appeals in the matter of *In Re: Goldston*, cited in

the briefing of this matter.

     As more fully discussed in this Defendant's Motion in Limine, portions of these documents

contain improper Rule 404(b) evidence, which serves no permissible purpose in this case, and should

be excluded under that rule.  The Order at issue in this Motion is properly excluded from the trial of

this case first because it is wholly irrelevant.  Further, the Order at issue is also subject to exclusion from the trial because it constitutes impermissible opinion evidence under Rule 704 of the Federal Rules of Evidence.  Rule 704 does not permit testimony or evidence which "states a legal standard or draws a legal conclusion by applying law to the facts." *United States v. Hoffman*, Criminal Action No. 5:09-cr-002162010 U.S. Dist. LEXIS 33414 (S.D.W.Va., Apr. 5, 2010) (quoting *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2010).

The documents at issue in this Motion are properly excluded from the trial of this case first because they are wholly irrelevant.  The facts of this case do not appear to be in dispute – nor could they reasonably be, given that substantially all relevant events occurred on video which is in the possession of all parties.  But to the extent the jury has a factual dispute to resolve, the legal opinions of the Supreme Court of Appeals and Judicial Hearing Board do not make any potentially disputed fact more or less likely.  Further, this Defendant's admission in the Agreement to having violated various rules of judicial conduct have no bearing on any decision for the jury to make in this case, as none of the Plaintiff's claims arise under the WVCJC.  Thus, as they make no material fact more or less likely, they are irrelevant and properly excluded under Rule 402.

However, even if the documents at issue offer some marginal relevance, they should nonetheless be excluded as more prejudicial than probative under Rule 403.  Factors for which evidence may be excluded under Rule 403 include "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  In this case, the evidence at issue is greatly unfairly prejudicial, and has great potential to confuse the issues and mislead the jury.

The Plaintiff simply states that Judge Goldston's should not be permitted to provide testimony which contravenes the WVSCA Order.  However, should the Plaintiff be permitted to

2

question Judge Goldston regarding the WVSCA Order, she must be permitted to respond accordingly.

Rule 701 of the Federal Rules of Evidence provides that:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a)    rationally based on the witness's perception;

(b)    helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c)    not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*See* F.R.E., Rule 701.

In this matter, all three requirements are met- (1) Judge Goldston has personal knowledge of all facts involved; (2) there is clearly a rational connection between the opinion and thoughts of Judge Goldston's decision to conduct a  view of the Plaintiff's home on March 4, 2020 and the WVSCA Order and this testimony would also provide the basis for understanding regarding Judge Goldston's reasoning and decisions made on March 4, 2020 to go the Plaintiff's home; (3) finally, Judge Goldston's opinions regarding the WVSCA Order and/or her actions on March 4, 2020 does not require any scientific, technical, or other specialized knowledge within the scope of Rule 702.

Allowing Judge Goldston to provide opinion testimony regarding whether or not she agrees with the WVSCA Order would not prejudice the Plaintiff, however, to prevent the Judge from voicing any disagreement she may have and require that she agree with all the findings would be wholly prejudicial to her and would act to essentially force her to commit perjury.

**WHEREFORE**, based on the foregoing, this Defendant respectfully prays this Honorable Court GRANT her Motion *in Limine*, and prohibit the introduction of the evidence discussed herein.

LOUISE E. GOLDSTON,
By Counsel,

 /s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
BAILEY & WYANT, PLLC
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
jtully@baileywyant.com
astrider@baileywyant.com

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MATTHEW GIBSON,**

    **Plaintiff,**

**v.**                                                    **Civil Action No. 5:21-cv-00181**
                                                         **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP, individually,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT LOUISE E. GOLDSTON'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF ORDERS, FINDINGS, AND OTHER FILINGS OF THE JUDICIAL INVESTIGATORY COMMISSION AND WEST VIRGINIA SUPREME COURT OF APPEALS IN *IN RE: GOLDSTON*"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, June 21, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

/s/ Jennifer E. Tully
Jennifer E. Tully (WV Bar #9356)
Adam K. Strider (WV Bar #12483)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jtully@baileywyant.com
astrider@baileywyant.com