IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

    **Plaintiff,**

v.                                                                    **Civil Action No. 5:21-cv-00181**
**Honorable Frank W. Volk**

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP, individually,


    **Defendants.**


<u>**DEFENDANT LOUISE E. GOLDSTON'S PROPOSED JURY INSTRUCTIONS**</u>

    **COMES NOW** this Defendant, the Hon. Louise E. Goldston, by counsel Jennifer E. Tully, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby submit for the Court's consideration the following Proposed Jury Instructions.  This Defendant reserves the right to submit modified jury instructions to conform to the evidence presented at trial in the event it warrants modified jury instructions.

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 1
### (Judicial Immunity)

One of the Defendants in this case, Defendant Goldston, is a West Virginia Family Court Judge.  Judges are immune from liability for acts that they take in their official capacity and role as a judge.  This immunity is absolute, and therefore a judge who is acting as a judge is immune no matter how erroneous their conduct, and even if they acted maliciously or in bad faith.  It applies even if the judge takes an action which exceeds their authority.  This immunity applies in nearly all circumstances, with only two exceptions.  First, a judge is not immune from liability for nonjudicial actions.  "Nonjudicial actions" are those which are not taken in the judge's role as a judge.  For instance, a judge is not immune from liability if they negligently rear-end another driver at a stoplight, because they are not acting as a judge in this situation.  Second, a judge is not immune from liability for actions taken in the complete absence of all jurisdiction.  For instance, a West Virginia State Circuit Judge would not be immune from liability for attempting to issue an unlawful order on an Ohio federal bankruptcy proceeding.  Accordingly, if you find that Defendant Goldston acted in her role as a judge during the events at issue in this case, you must find in favor of Defendant Goldston on all claims.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)

*Forrester v. White*, 484 U.S. 219, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988)

*Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 2
(Introduction/Elements of Section 1983 claim)

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

To establish his claim under section 1983, Plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was a proximate cause of the alleged injuries and damages sustained by the Plaintiff.

The Court instructs you that, as a matter of law, you must determine if the Defendants acted under color of state law and if the Defendants deprived the Plaintiff of a constitutional right, and whether such conduct was a proximate cause of the injuries and damages alleged by the Plaintiff.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

42 U.S.C. § 1983
*Parks v. Wilson,* 872 F. Supp. 1467, 1469 (D.S.C. 1995).
*Robinson v. City of Greenville*, Civil Action No. 6:02-2533-26BI, 2004 U.S. Dist. LEXIS 27385, at *32 (D.S.C. Apr. 23, 2004)

DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 3
(Due Process)


Plaintiff asserts a claim that his Fourteenth Amendment Due Process Rights were violated.  In order to make out either a substantive or procedural due process claim, a plaintiff is required to allege sufficient facts to support a finding that he was deprived of life, liberty, or property, by governmental action.  Generally, a due process claim requires a two-part analysis:

    1.      Whether the plaintiff was deprived of a protected interest,

             and, if so,

    2.      What process was his due.



_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Smith v. W. Va. Univ. Bd. of Governors*, No. 2:11-cv-00430, 2012 U.S. Dist. LEXIS 45216, at *9 (S.D. W. Va. Mar. 30, 2012)

*Equity in Athletics, Inc. v. Dep't of Educ.,* 639 F.3d 91, 109 (4th Cir. 2011).

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 4
(Equal Protection)


The Equal Protection Clause of the Fourteenth Amendment provides, in relevant part, that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  In analyzing Section 1983 violations of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege at the outset that he was treated differently from others who were similarly situated, and that such unequal treatment was the result of intentional or purposeful discrimination.


_____GIVEN
_____REJECTED
_____MODIFIED

Authority


U.S.Const. amend XIV, § 1.

*Whitaker v. Sheild*, No. 4:05cv130, 2006 U.S. Dist. LEXIS 101055 (E.D. Va. May 3, 2006)

*Blagman v. White*, 112 F. Supp. 2d 534, 538 (E.D.Va. 2000)

*Cleburne v. Cleburne Living Center Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 5
(Proximate Cause)

Plaintiff must prove that a Defendant's conduct was a proximate cause of Plaintiffs' alleged injury and damages in order to receive damages against that Defendant.  Under Section 1983, a Defendant is responsible for the natural consequences of his or her actions.  An act is a proximate cause if it was a substantial factor in bringing about the Plaintiff's injury.  You must determine whether injury or damage suffered by the Plaintiff was a reasonably foreseeable consequence of the Defendant's conduct.  The question is whether a reasonable person would regard Defendant's conduct as being a cause of the injury.  If so, the conduct is a proximate cause.  The law recognizes that there may be more than one proximate cause of an injury or damage.  Multiple factors, or the conduct of two or more people, may operate at the same time to cause an injury.  In such a case, each factor may be a proximate cause of the alleged injuries and/or damages of Plaintiff.  In such a case where they may be multiple proximate causes, the Defendant for whom you are considering is only liable for his conduct that was reasonably foreseeable, not the conduct of others.

_____GIVEN
_____REJECTED
_____MODIFIED

<u>Authority</u>

42 U.S.C. § 1983
*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986)
*Shaw v. Stroud*, 13 F.3d 791, 800 (4th Cir. 1994)
*Cooper v. Dyke,* 814 F.2d 941, 947 (4th Circ. 1997)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 6
### (Multiple Defendants)

If you find that Plaintiff has proven proximate cause by a preponderance of the evidence with respect to a particular Defendant who you are considering separately, you should find that Defendant liable.  If you find that Plaintiff has not proven proximate cause with respect to the particular defendant you are considering, then you must find that Defendant not liable and return a verdict in that Defendant's favor.  Remember that the case as to each of these individual Defendants must be considered separately by you.  The fact that you find that one of the Defendants is or is not liable does not determine your verdict as to any other one of these Defendants.

_____GIVEN
_____REJECTED
_____MODIFIED

<u>DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 7</u>
(Plaintiff's Burden of Proof)

Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendants proximately caused his injuries and damages.  If, and only if, you find Plaintiff has met his burden may you return a verdict in favor of Plaintiff.  However, if you find the Plaintiff has not met his burden of proof with respect to a particular Defendant, then you must return a verdict in favor of that Defendant.

_____GIVEN
_____REJECTED
_____MODIFIED

<u>Authority</u>

42 U.S.C. § 1983
*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986)
*Shaw v. Stroud*, 13 F.3d 791, 800 (4th Cir. 1994)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 8
(Damages - Generally)

If you find that the Plaintiff is entitled to recovery against any Defendant(s), then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find the Plaintiff has sustained as a result of his Section 1983 claim.

Simply because I am giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for the Plaintiff. That is entirely up to you. I have to charge you on the law of damages in the event that in your deliberations you find that Plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. Thus, in instructing you on damages, I am not expressing any views one way or the other as to whether the Plaintiff should recover in this case.

It is for you to decide on the evidence, and the law as I have instructed you, whether the Plaintiff is entitled to recover from any Defendant. If you have decided that he is not entitled to recover, you should go no further. Only if you decide that he is entitled to recover, you will consider the amount of damages to be awarded.

I instruct you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and it is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine, if any, the sum of money that will justly and fairly compensate the Plaintiff for any injuries and damages you find they sustained. You will make that determination only from the evidence in this case, based on the law I will give you, and not on the basis of an attorney's statement, claim or argument.

_____GIVEN
_____REJECTED
_____MODIFIED

9

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 9
(Causation and Damages)

You may award damages only for those injuries that you find the Plaintiff has proven, by a preponderance of the evidence, to have been the direct result of the conduct of a Defendant with regard to a Federal Section 1983 violation. You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries and damages naturally resulting from that violation. Thus, even if you find for the Plaintiff on any of his claims, you must ask yourself whether Plaintiff has also proven, by a preponderance of the evidence, that the violation of his rights caused injuries and damages that he claims to have suffered.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

42 U.S.C. § 1983
*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986)
*Shaw v. Stroud*, 13 F.3d 791, 800 (4th Cir. 1994)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 10
(Plaintiffs' Damages)

In determining the amount of Plaintiff's damages, if any, you may take into consideration Plaintiff's alleged loss of enjoyment of life and emotional distress.  You are instructed that the law cannot give you a precise formula or yardstick by which you can fix with any degree of exactness compensation for such an intangible item such as emotional distress, but the law contemplates that six intelligent jurors, exercising common sense and calling upon their experiences in life, can satisfactorily fix and determine a proper award of money for this item of damages under proper instructions from the Court.  Damages for emotional distress are never awarded in order to punish a Defendant for conduct of which you disapprove.  Nor are they to be measured by the amount of money which you as jurors would demand or ask for enduring the emotional distress the Plaintiff has allegedly endured.  On the contrary, the damages for this item are to be awarded solely on the basis of compensation – fair, reasonable, and adequate compensation – taking into consideration the nature and extent of the injury, the character and frequency of the emotional distress, if any, resulting from it, and the period, if any, it has persisted.

_____GIVEN
_____REJECTED
_____MODIFIED

DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 11
(Emotional Distress)

Plaintiff is alleging that he suffered from emotional distress as a result of the actions of the Defendants.  In order to recover for emotional distress, Plaintiff must establish, by a preponderance of the evidence, that his emotional distress did in fact occur and that its cause was the constitutional deprivation itself and cannot be attributable to other causes.  In determining whether Plaintiff suffered from emotional distress and the extent of that distress, if any, you may consider the following factors:

Whether there was medical attention resulting from the emotional duress;

Any psychiatric or psychological treatment;

The degree of such mental distress;

The factual context in which the emotional distress developed;

Evidence corroborating the testimony of the Plaintiff regarding the alleged emotional distress;

The nexus between the conduct of the Defendant and the emotional distress;

Physical injuries or symptoms suffered as a result of emotional distress, if any; and

Loss of income, if any

_____GIVEN
_____REJECTED
_____MODIFIED

**Authority**

*Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001)
*Hetzel v. County of Prince William*, 89 F.3d 169, 171-72 (4th Cir. 1996)
*Carey v. Piphus*, 435 U.S. 247, 263-64 (1978)

DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 12
(Mitigation of Damages)

If you find that Plaintiff was injured and suffered damages as a proximate result of conduct by one or more Defendants in violation of his constitutional rights, you must also determine whether the Plaintiff thereafter could have done something to lessen the harm that he suffered.  The burden is on the Defense to prove, by a preponderance of the evidence, that the Plaintiff could have lessened the harm that was done to him, and that he failed to make reasonable efforts to do so.  If the Defendants convince you that the Plaintiff could have reduced the harm done to him but failed to make reasonable efforts to do so, he is entitled only to those damages that are sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.  In short, you should reduce any amount of damages that you find Plaintiff suffered by the amount that the Defendants prove that the Plaintiff could have lessened those damages through reasonable efforts.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Roberson v. Mullins,* 876 F. Supp. 100, 104 (W.D. Va. 1995)
*Gladden v. Roach*, 864 F.2d 1196 (5th Cir. 1989)
*Meyers v. City of Cincinnati,* 14 F.3d 1115, 1119 (6th Cir. 1994);
*Matlock v. Barnes,* 932 F.2d 658, 667 (7th Cir. 1991)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 13
### (Joint and Several Liability)

This case involves multiple Defendants. Therefore, you must be careful to impose any damages that you may award only against the Defendant or Defendants against whom the Plaintiff has proven liability. The fact that the Plaintiff proves that one Defendant is liable does not necessarily mean that the other Defendants are liable as well. Each Defendant is entitled to a separate and individual consideration of his or her liability without regard to your decisions as to any other Defendant.

If Plaintiff proves that a particular Defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular Defendant. This requires you to estimate the dollar amount of the Plaintiff's injuries that is attributable to a particular Defendant's conduct. The law calls this apportionment.

It is not always possible to apportion damages to a particular Defendant's conduct. The Plaintiff, however, may be able to prove that more than one Defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the Plaintiffs' rights, all of those persons are jointly liable for the violation of the Plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular Defendant that is shown to be liable. So, if the Plaintiff proves that the Defendant who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If they prove that two or more of the Defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down. Each Defendant would then be liable for the overall damages. The Plaintiff, however, would be able to only recover once for his injury, because the law disallows double recoveries.

_____GIVEN
_____REJECTED
_____MODIFIED


Authority

*United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 14
### (First Amendment)

The Plaintiff has claimed the Defendants violated his right to free speech under the First Amendment to the United States Constitution by requiring him, and another person at his direction, to stop recording the proceeding at issue in this case.  In order to prove a violation of the First Amendment right to free speech, the Plaintiff must prove the following by a preponderance of the evidence:

    (1) the plaintiff engaged in constitutionally protected First Amendment activity;

    (2) the defendant took an action that adversely affected that protected activity; and

    (3) the Defendant's conduct was undertaken in response to or because of the Plaintiff's protected First Amendment activity.

You are instructed that an individual other than official court personnel has no right to record a family court proceeding in West Virginia.  Therefore, if you find by a preponderance of the evidence that the inspection of the Plaintiff's home at issue in this case was conducted in the course of an official family court proceeding, then he did not engage in constitutionally-protected First Amendment activity, and you must find in favor of the Defendants as to this claim.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017)

*Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015).

W. Va. R. Fam. Ct. 8.

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 15
### (Search and Seizure)

The Plaintiff has alleged that the Defendants caused an unlawful search of his home in the course of the events at issue in this case.  In order to prove a violation of his Fourth Amendment rights against unlawful search and seizure, the Plaintiff must prove by a preponderance of the evidence that the search was conducted without probable cause.  Probable cause for a search exists when a reasonable official could believe, from the totality of the evidence available to them at the time the search is sought or ordered, that contraband or evidence of unlawful activity will be found in the place at issue.  In order to satisfy the Fourth Amendment, a reasonable official must merely be able to conclude from available facts that the search would uncover evidence of wrongdoing.  Probable cause for a search may be supported by hearsay, and the official need not have personally observed the facts giving rise to probable cause.  However, the information, in total, must possess sufficient "indicia of reliability."  If, after considering the evidence in this case, you believe the Plaintiff has failed to prove the absence of probable cause by a preponderance of the evidence, you must find for the Defendants.  However, if you find by a preponderance of the evidence that the Plaintiff did prove that there was no probable cause for his home to be searched, you may find for the Plaintiff.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983).

*Jones v. United States*, 362 U.S. 257, 269-71, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960).

16

## DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 16
(Non-Party Liability)

You are instructed that if you find that the Plaintiff is entitled to damages, you may consider the fault of the following persons or entities who are not parties to this lawsuit, but about whom you have heard testimony: John H. Bryan, Esq.  If you find that Mr. Bryan is at fault for all or a portion of the harm the Plaintiff claims was caused to him, you should assign the corresponding percentage of the total fault to that non-party on your verdict form. "Fault" means an act or omission of a person, which is a proximate cause of injury or death to another person or persons, damage to property, or economic injury.

In assessing percentages of fault, you are instructed to consider the fault of Mr. Bryan, regardless of whether he could have been named as a party to the suit, regardless of whether he is here at trial today, and regardless of whether the Plaintiff believes him to be at fault. You are to consider the fault of this non-party in the same manner as you consider the fault of the Defendants.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

W. Va. Code § 55-7-13a-d.

17

DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 17

(Damages)

You are instructed that if you find that the Plaintiff is entitled to damages, you may consider whether the Plaintiff contributed or exacerbated his own damages by acting in concert with his attorney, Mr. Bryan.  The standard of care imposed upon a person for his own protection is that of a reasonable man under like circumstances and state of mind plays no role in determining whether they . . . acted as a reasonably prudent person

In assessing percentages of fault, you are instructed to consider the fault of Mr. Bryan, regardless of whether he could have been named as a party to the suit, regardless of whether he is here at trial today, and regardless of whether the Plaintiff believes him to be at fault. You are to consider the fault of this non-party in the same manner as you consider the fault of the Defendants.

_____GIVEN
_____REJECTED
_____MODIFIED

Authority

*Khoshmukhamedov v. Potomac Elec. Power Co.*, Civil Action No. 8:11-cv-00449-AW, 2013 U.S. Dist. LEXIS 26442, at *18 (D. Md. Feb. 19, 2013)

*Craig v. Greenbelt Consumer Servs., Inc.*, 244 Md. 95, 222 A.2d 836 (1966)

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 559 F. Supp. 2d 424, 438 (S.D.N.Y. 2008)

18

<u>DEFENDANT GOLDSTON'S PROPOSED INSTRUCTION 18</u>
(Damages)

In West Virginia, a Plaintiff has a duty to mitigate or lessen their damages.  Likewise, a Plaintiff has a duty to not exacerbate or worsen their damages.  Therefore, if you find by a preponderance of the evidence, that the Plaintiff affirmatively took steps that exacerbated his alleged damages then, you should reduce any amount of damages that you find Plaintiff suffered by the amount that the Plaintiff exacerbated damages through his own actions.

_____GIVEN
_____REJECTED
_____MODIFIED


**LOUISE E. GOLDSTON,**
**By Counsel,**


**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

 **Plaintiff,**

**v.**            **Civil Action No. 5:21-cv-00181**
                **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually,**

 **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

  **I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT LOUISE**

**E. GOLDSTON'S PROPOSED JURY INSTRUCTIONS**" was served upon the following parties

through the Court's Electronic Case Filing (ECF) system on this day, July 11, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

/s/ Jennifer E. Tully
**Jennifer E. Tully (WV Bar #9356)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**astrider@baileywyant.com**