IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                            **CIVIL ACTION NO.: 5:21-cv-00181**
                                       **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## DEFENDANTS RALEIGH COUNTY COMMISSION, JEFF MCPEAKE, BRIAN WHITE AND BOBBY STUMP'S PROPOSED JURY INSTRUCTIONS

      **NOW COMES** Defendants, Raleigh County Commission, Jeff McPeake, Brian White and Bobby Stump, by counsel, J. Victor Flanagan, Kevin J. Robinson, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to the Scheduling Order, and submit the following Proposed Jury Instructions for the upcoming Trial.  Defendants reserve the right to modify, revise, and/or add instructions based up on development before or during the course of Trial.

**COUNTY COMMISSION OF
RALEIGH COUNTY, JEFF McPEAKE,
BRIAN WHITE AND BOBBY STUMP**

**By Counsel,**

/s/ Kevin J. Robinson
J.VictorFlanagan, WVState Bar No. 5254
Kevin J. Robinson,WV State Bar No. 10181

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV  25801
Telephone:  (304) 254-9300
Facsimile:  (304) 255-5519
vflanagan@pffwv.com
krobinson@pffwv.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

        Plaintiff,

v.                                                                CIVIL ACTION NO.: 5:21-cv-00181
                                                                  HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

        Defendants.

## DEFENDANTS' JURY INSTRUCTION NO. 1
### (Fourth Amendment)

      Under the Fourth Amendment, a person has the right to be free from an unreasonable search and seizure of his residence.  To prove the Defendants deprived the Plaintiff of this Fourth Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

      1.     Defendants Jeff McPeake and Bobby Stump searched the Plaintiff's residence;

      2.     In conducting the search, Defendants Jeff McPeake and Bobby Stump acted intentionally; and

      3.     The search was unreasonable.

      A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, the Plaintiff must prove the Defendants intended

to search the Plaintiff's residence.  It is not enough if the Plaintiff only proves the Defendants acted negligently, accidently or inadvertently in conducting the search. However, the Plaintiff does not need to prove the Defendants intended to violate the Plaintiff's Fourth Amendment rights.

In determining whether the search was unreasonable, consider all of the circumstances, including:

(a)      the scope of the particular intrusion;

(b)      the manner in which it was conducted;

(c)      the justification for initiating it; and

(d)      the place in which it was conducted.

If any of the above elements has not been proved, then your verdict must be for the Defendants, Jeff McPeake and Bobby Stump.

*9th Circuit Court of Appeals Model Jury Instructions*

_____
**HONORABLE FRANK W. VOLK**

Given:                  _____

Denied:                _____

Given as Modified:    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.: 5:21-cv-00181**
                                                   **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## <u>DEFENDANTS' JURY INSTRUCTION NO. 2</u>

### <u>(First Amendment)</u>

In this case, Plaintiff Matthew Gibson alleges that Defendant Jeff McPeake deprived him of his rights under the First Amendment to the Constitution when he confiscated his cell phone at his personal residence.

Under the First Amendment, a citizen has the right to free expression and to petition the government. To establish Defendant Jeff McPeake deprived Plaintiff Matthew Gibson of this First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

    1.     The Plaintiff engaged in a protected activity;

    2.     The Defendant's actions against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.      The Plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

If any of the above elements has not been proved, then your verdict must be for the Defendant, Jeff McPeake.

*9th Circuit Court of Appeals Model Jury Instructions*

_____
**HONORABLE FRANK W. VOLK**

Given:                    _____

Denied:                  _____

Given as Modified:    _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                 **CIVIL ACTION NO.: 5:21-cv-00181
HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,**

        **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 3

### Liability of Municipality

If you find that the Plaintiff has proved a constitutional violation by a preponderance of the evidence, you must consider whether the Raleigh County Commission is also liable to Plaintiff.   The Raleigh County Commission is not responsible simply because it employed the officers.

To prevail, the Plaintiff will need to prove that (1) the Plaintiff was deprived of a guaranteed right by the Defendant under color of law; and (2) that the deprivation of the Plaintiff's constitutional rights directly resulted from either a written policy of the Defendant or an unofficial custom; and (3) as a direct result, the Plaintiff was injured; and (4) the policy or custom was the moving force leading the constitutional violation.

A "policy" can be a policy statement, ordinance, regulation or decision officially

adopted and promulgated by the county officials.

A "custom" is a persistent, widespread practice of county officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents county policy.  But to show a custom, Plaintiff Matthew Gibson must prove that either the county's governing body or some official with policy making authority knew of should have known about the custom.

If any of the above elements has not been proved, then your verdict must be for the Defendant, Raleigh County Commission.

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003)

Monell v. Dep't of Social Services of New York, 436 U.S. 658, 691 (1978),


_____
**HONORABLE FRANK W. VOLK**


Given:                    _____

Denied:                   _____

Given as Modified:     _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                    **CIVIL ACTION NO.: 5:21-cv-00181**
                                                **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 4

### Burden of Proof

The Court instructs the Jury that the burden of proof is on Plaintiff, Matthew Gibson in this civil action to prove each and every essential element of his claim by a preponderance of the evidence. If the Plaintiff should fail to establish any element of Plaintiff's claims by a preponderance of the evidence in the case, or if the evidence of Defendants, outweighs Plaintiff's evidence, or if the evidence is evenly balanced in the case, the Jury should find for Defendants as to Plaintiff's claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means a body of evidence that has more convincing force than the evidence that opposed it, and

evidence that produces a belief in your mind that what a party is trying to prove is more likely true than not true.

While the burden is on the Plaintiff, to prove each claim by a preponderance of the evidence, this rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In a civil case, as opposed to criminal cases, it is proper to find that a Plaintiff has succeeded in carrying the burden of proof if you believe the evidence of Plaintiff outweighs that of Defendants even in the slightest degree, after considering all the evidence in the case.

_____

**HONORABLE FRANK W. VOLK**

Given:                        _____

Denied:                      _____

Given as Modified:      _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

        Plaintiff,

v.                                         CIVIL ACTION NO.: 5:21-cv-00181
                                         HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

        Defendants.

## DEFENDANTS' JURY INSTRUCTION NO. 5

      You are instructed that the award of damages, if any, must be reasonable.  If you should find that the Plaintiff is entitled to damages, you must award only such damages as would reasonably compensate him for such damages that you find, by a preponderance of the evidence that he has suffered as a direct result of the incident.

      You are not permitted to award damages based on sympathy, speculation or guesswork.  Any award of damages must be based upon reasonable probability, not merely a possibility.  Accordingly, an award of damages, if any, against a Defendant must be based upon competent evidence that you have heard or observed during this trial and the law as you are instructed by the Court.  If you find that the Plaintiff's proof of damages is based merely on speculation or conjecture, or that the evidence is unclear as to the amount of damages, if any, Plaintiff suffered, you should not award the Plaintiff

damages in this case.

*Bennett v. Walton*, 170 W.Va. 283, 294 S.E.2d 85 (1982).

Syl. Pt. 6, *Taylor v. Elkins Home Show, Inc.*, 210 W.Va. 612, 558 S.E.2d 611 (2001).

 

_____

**HONORABLE FRANK W. VOLK**

Given: _____

Denied: _____

Given as Modified: _____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO.: 5:21-cv-00181**
                                           **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

      **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 6

### Damages—Burden of Proof

The Court instructs the Jury that damages are not presumed, and Plaintiff, cannot recover against Defendants for any damages that the Plaintiff did not prove, by a preponderance of the evidence, were actually sustained, and sustained as a proximate result of Plaintiff's claims against Defendants.  The burden is upon Plaintiff to prove by a preponderance of the evidence the amount of damages actually sustained.  A "preponderance" means more likely than not.  Plaintiff must show by a preponderance of the evidence not only that such damage, if any, really exists or has existed, but also the reasonable amount of that damage and that such damage, if any, was or is the proximate result of Plaintiff's claims.  The burden of proof is not upon Defendants, to show that such alleged damages do not or did not exist or that the alleged damages result from some

other cause or that the amount of damages sought are unreasonable.  You have no right to guess or conjecture as to the cause or amount of any damage claimed.  These matters must be proven to you by Plaintiff, Matthew Gibson.

_____

**HONORABLE FRANK W. VOLK**

Given:                          _____

Denied:                        _____

Given as Modified:       _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

       **Plaintiff,**

**v.**                                                  **CIVIL ACTION NO.: 5:21-cv-00181**
                                                        **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

       **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 7

### (Punitive damages)

Plaintiff is seeking to collect punitive damages from Defendants.  If you find from the evidence in this case that Defendants are guilty of wanton, willful or reckless conduct, or criminal indifference to the civil obligations affecting the rights of others, or extremely negligent conduct that is likely to cause serious harm, you may award the Plaintiff punitive damages in such sum as you believe sufficient to punish Defendants and to discourage such future conduct.

In awarding punitive damages you may consider the following factors:

(1)   Punitive damages should bear a reasonable relationship to the harm that is likely to occur from Defendants conduct as well as to the harm that actually has occurred. If Defendants' actions caused or would likely cause in a similar situation only slight

harm, the damages should be relatively small. If the harm is grievous, the damages should be greater.

(2)   You may consider whether Defendants' conduct was reprehensible, and in doing so you should take into account how long Defendants continued in their actions, whether Defendants were aware that his actions was causing or were likely to cause harm, whether Defendants attempted to conceal or cover up his actions or the harm caused by such actions, whether/how often the Defendants engaged in similar conduct in the past.

(3)   You may consider whether Defendants profited from their wrongful conduct, and if you find Defendants did profit from their conduct you may remove the profit and your award should be in excess of the profit, so that the award discourages future bad acts by the Defendants.

(4)   As a matter of fundamental fairness, punitive damages should bear a reasonable relationship to compensatory damages.

(5)   In determining the amount of punitive damages, the financial position of Defendants is relevant.

*TXO Production v. Alliance Resources,* 419 S.E.2d 870 (W. Va. 1992).

*Games v. Fleming Landfill,* 413 W.E.ld 897 (W. Va. 1992).

*Vandevender v. Sheetz, Inc*. 490 S.E.2d 678 (W. Va. 1997).

_____
**HONORABLE FRANK W. VOLK**

Given:  _____

Denied:  _____

Given as Modified:   _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

        Plaintiff,

v.                                                           CIVIL ACTION NO.: 5:21-cv-00181
                                                             HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

        Defendants.

## DEFENDANTS' JURY INSTRUCTION NO.  8

### Damages—Compensatory

Plaintiff, has filed this lawsuit against Defendants, seeking to recover compensatory damages.  The Court instructs the Jury the basic goal in awarding damages to a Plaintiff is to fairly and adequately compensate the Plaintiff for the injuries and losses sustained, and only those injuries and losses sustained.  Thus, "the aim of compensatory damages is to restore the Plaintiffs to the financial position he would presently enjoy but for the Defendants' conduct."  Consequently, you are further instructed the goal, then, of compensatory damages is to place the injured party in the same, not a better, financial position they would have been in but for Defendants' conduct.

*Flannery v. United States*, 718 F.2d 108

*Carey v. Piphus*, 435 U.S. 247 (1978)


_____
**HONORABLE FRANK W. VOLK**


Given:                _____

Denied:             _____

Given as Modified:   _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                                        **CIVIL ACTION NO.: 5:21-cv-00181**
                                                            **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,**

        **Defendants.**

**<u>DEFENDANTS' JURY INSTRUCTION NO. 9</u>**

      The Court instructs the jury that you must not only consider the statements made by the witnesses, but also consider the facts and circumstances shown in the case and further consider all reasonable inferences to be drawn from the facts and circumstances shown.

*State v. Sprigg*, 103 W. Va. 404, 408, 137 S.E. 746 (1927).

Vol. 3, *Instructions for Virginia and West Virginia*, (5th Ed.) at § 114-115.

                          _____
                          **HONORABLE FRANK W. VOLK**

Given:          _____

Denied:        _____

Given as Modified:    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

v.                                                    CIVIL ACTION NO.: 5:21-cv-00181
                                                      HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

       Defendants.

**DEFENDANTS' JURY INSTRUCTION NO. 10**

The Court instructs the jury that you are the sole judges of the weight of the testimony of any witness who has testified before you in this case, and that, in ascertaining such weight, you have the right to take into consideration the credibility of such witness as disclosed from his evidence, his manner of testifying and demeanor upon the witness stand, and his apparent interest, if any, in the result of the case.  And if you believe that any witness had testified falsely as to any material fact, you have the right to disregard all the testimony of such witness so testifying falsely, or to give to his testimony or any part thereof such weight only, as the same in your opinion may be entitled to.

*State v. Zink*, 102 W. Va. 619, 625, 135 S.E. 905 (1926).

Vol. 3, *Instructions for Virginia and West Virginia*, (5th Ed.) at § 114-115.

_____

**HONORABLE FRANK W. VOLK**

Given:                    _____

Denied:                   _____

Given as Modified:        _____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

       **Plaintiff,**

**v.**                                  **CIVIL ACTION NO.: 5:21-cv-00181**
                                           **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

       **Defendants.**

## **DEFENDANTS' JURY INSTRUCTION NO. 11**

       The Court instructs the jury that a witness may be impeached, and discredited by prior inconsistent statements, and if the jury believes from the evidence in the case that the witness made inconsistent and contrary statements concerning the incidents of this case, then the jury has the right to disregard his/her whole testimony, or give it such weight to which they think it is entitled.

*State v. Trail*, 59 W. Va. 175, 182, 53 S.E. 17 (1906).

Vol. 3, *Instructions for Virginia and West Virginia*, (5th Ed.) at § 114-104.

                                   _____
                                   **HONORABLE FRANK W. VOLK**

Given:         _____

Denied:        _____

Given as Modified:   _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.: 5:21-cv-00181
                                                                      HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

        Defendants.

## DEFENDANTS' JURY INSTRUCTION NO. 12

The Court instructs the jury that the fact that the Court has instructed you with regard to damages must not be considered by you as an indication that the Court has an opinion relative to the liability of Defendants.  It is for you, and you alone, to determine whether Defendants are liable in this case to Plaintiff and, if so, whether there should be a recovery in this case.


                                       _____
                                       **HONORABLE FRANK W. VOLK**


Given:             _____

Denied:           _____

Given as Modified:    _____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

      **Plaintiff,**

**v.**                                **CIVIL ACTION NO.: 5:21-cv-00181**
                                             **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

      **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 13

If you return a verdict for Plaintiff, then you may award him such sums of money as you believe will fairly and justly compensate them for any damages that you believe they actually sustained as a direct consequence of the conduct of Defendants.

You shall award compensation only for those damages which you find that Plaintiffs have proven by a preponderance of the evidence to have sustained as a direct result of the conduct of Defendants. The burden of proof is not upon Defendants to show that Plaintiff did not sustain such alleged damages or to show that the alleged damages proceeded or arose from any other cause. If the jury is uncertain as to whether the Plaintiff sustained any claimed damages, or if it appears just as probable that Plaintiff did not sustain these claimed damages, then Plaintiff cannot recover these claimed damages from Defendants. If it appears just as probable that these claimed damages resulted from

a cause other than the Defendants' conduct, then Plaintiff cannot recover these claimed damages from Defendants.

Damages may not be awarded as punishment against Defendants. Actual or compensatory damages must not be based on presumption, speculation, conjecture or sympathy either. General damages, including mental distress, may be proven by competent evidence, such as Plaintiff's conduct or actions and the observations by others of Plaintiff's conduct and actions. In addition, any award of damages must be based on the entirety of the evidence presented at trial, and only on that evidence.

*Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983).

*Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042 (1978).


_____
**HONORABLE FRANK W. VOLK**


Given:                    _____

Denied:                   _____

Given as Modified:     _____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.: 5:21-cv-00181**
                                                   **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## DEFENDANTS' JURY INSTRUCTION NO. 14

      The Court instructs the jury that your verdict should not be the result of sympathy or sentiment, but should be based exclusively upon the evidence in the case and the law as laid down to you in these instructions from the Court.  You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

                                               _____
                                               **HONORABLE FRANK W. VOLK**

Given:               _____

Denied:             _____

Given as Modified:      _____

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MATTHEW GIBSON,**

       **Plaintiff,**

**v.**                                  **CIVIL ACTION NO.: 5:21-cv-00181**
                                          **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

       **Defendants.**

**DEFENDANTS' JURY INSTRUCTION NO.  15**

      The Court instructs the Jury that anything you have seen, heard or read outside the courtroom is not evidence and must be entirely disregarded by you during your deliberations.

                                          _____
                                          **HONORABLE FRANK W. VOLK**

Given:          _____

Denied:        _____

Given as Modified:   _____

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT BECKLEY

**MATTHEW GIBSON,**

       **Plaintiff,**

**v.**                                  **CIVIL ACTION NO.: 5:21-cv-00181**
                                             **HONORABLE FRANK W. VOLK**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH**
**COUNTY, a political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

       **Defendants.**

### DEFENDANTS' JURY INSTRUCTION NO.  16

Plaintiff is seeking to recover for future damages.  For Plaintiff to recover any future damages, they must prove those future damages with reasonable certainty by accepted scientific evidence or expert testimony.  If you find that Plaintiff has proven his damages with reasonable certainty by accepted scientific evidence or expert testimony and you find that Defendants' actions were the proximate cause of Plaintiff's future damages, then you may make an award of future damages to Plaintiff.  If, however, you find that Plaintiff has not proven their future damages with reasonable certainty by accepted scientific evidence or expert testimony, or if you find that another cause and not Defendants' actions was the proximate cause of Plaintiff's future damages, then you may not award Plaintiff any future damages against Defendants.

*Mooney v. Eastern Associated Coal Corp.,* 174 W.Va. 350, 326 S.E.2d 427 (1984).

*Baker v. Kroger Co.,* 784 F.2d 1172 (4th Cir. 1986).

_____
**HONORABLE FRANK W. VOLK**


Given:                     _____

Denied:                   _____

Given as Modified:    _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

        Plaintiff,

v.                                   CIVIL ACTION NO.: 5:21-cv-00181
                                   HONORABLE FRANK W. VOLK

LOUISE E. GOLDSTON, individually,
COUNTY COMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,
KYLE LUSK, individually,

        Defendants.

## <u>DEFENDANTS' JURY INSTRUCTION NO.  17</u>

      The Court instructs the jury that they must not only consider the statements made by the witnesses, but to consider the facts and circumstances shown in the case and further consider all reasonable inferences to be drawn from the facts and circumstances shown.

*State v. Sprigg*, 103 W. Va. 404, 408, 137 S.E. 746 (1927).

Vol. 3, *Instructions for Virginia and West Virginia*, (5th Ed.) at § 114-115.


                              _____
                               HONORABLE FRANK W. VOLK

Given:          _____

Denied:       _____

Given as Modified:   _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

        **Plaintiff,**

                                        CIVIL ACTION NO.: 5:21-cv-00181
**v.**                                      HONORABLE FRANK W. VOLK

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMISSION OF RALEIGH COUNTY, a**
**political subdivision,**
**JEFF MCPEAKE, individually,**
**BRIAN WHITE, individually,**
**BOBBY STUMP, individually,**
**KYLE LUSK, individually,**

        **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned, counsel of record for Defendants, Raleigh County Commission, Jeff McPeake, Brian White and Bobby Stump, does hereby certify on this 11th day of July, 2022, that a true copy of the foregoing **"DEFENDANTS RALEIGH COUNTY COMMISSION, JEFF MCPEAKE, BRIAN WHITE AND BOBBY STUMP'S PROPOSED JURY INSTRUCTIONS"** was served upon opposing counsel through the Court's CM/ECF filing System as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
611 Main St.
P.O. Box 366
Union, WV  24983
jhb@johnbryanlaw.com
*Counsel for Plaintiff*

Jennifer E. Tully, Esquire
Adam K. Strider, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P. O. Box 3710
Charleston, WV 25337-3710
jtully@baileywyant.com
astrider@baileywyant.com
*Counsel for Defendant Louise E. Goldston*

/s/ Kevin J. Robinson
J. Victor Flanagan, WV State Bar No. 5254
Kevin J. Robinson, WV State Bar No. 10181