## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

vs.                           Civil Action No. 5:21-cv-00181
                                  Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,

       Defendants.

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

       Now comes the Plaintiff, Matthew Gibson, by counsel, John H. Bryan, and hereby

submits for the Court's consideration the following proposed jury instructions. Plaintiff reserves

the right to submit modified jury instructions to conform to the evidence presented at trial in the

event it warrants modified jury instructions.

1

**Purpose of the Statute**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[1]

_____GIVEN
_____REJECTED
_____MODIFIED

_____

[1] Lugar v. Edmonson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).

**Burden of Proof**

You will have to decide whether certain facts have been proved.  A fact has been proved if you find that it is more likely than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably head the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.[2]

```
_____GIVEN
_____REJECTED
_____MODIFIED
```

---

[2] 8th Circuit Model Jury Instructions, Instruction 3.04 - Burden of Proof.

**Definition of Color of Law**

Acts are done under color of law when a person acts in the performance of official duties under any state, county, or municipal law, ordinance or regulation.[3]

Because the defendant police officers were acting as officers of the Raleigh County Sherriff's Office at the relevant time, I instruct you that they were acting under color of state law.

Because Defendant Louise E. Goldston was acting as a Raleigh County Family Court Judge at the relevant time, I instruct you that she was acting under color of state law.

In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

_____GIVEN
_____REJECTED
_____MODIFIED

---

[3] *See* Monroe v. Pape, 365 W.S. 167 (1961), *overruled in part,* Monell v. Department of Social Services, 436 U.S. 658 (1978); Third Circuit Model Jury Instructions 4.4.1 Section 1983 - Action under Color of State Law.

**Actual Damages**

If you find in favor of the plaintiff, you must award the plaintiffs an amount of money that will fairly compensate him for any damages ("actual damages") you find he sustained as a direct result of the violation of the plaintiff's constitutional rights.  You should consider any of the following items of damages which you believe from a preponderance of the evidence resulted from the violation of the plaintiff's constitutional rights on March 4, 2020:

1.      The mental and emotional suffering the plaintiffs experienced as a result of having his civil rights violated by the defendant(s) acting under color of law.

_____GIVEN
_____REJECTED
_____MODIFIED

**Nominal Damages**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by the defendant(s) of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.

The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that the plaintiff has suffered no injury as a result of the defendant(s) conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.[4]

_____GIVEN
_____REJECTED
_____MODIFIED

_____

[4] Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

**Punitive Damages**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you return a verdict in favor of the plaintiff and it has been proved that the conduct of the defendant was malicious or recklessly indifferent to the plaintiffs' constitutional rights, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future.  You should presume the plaintiff has been made whole for their injuries by the damages awarded under

_____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiffs was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also prosed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiffs.

2.      How much harm the defendant's wrongful conduct caused the plaintiffs.

3.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for

7

his wrongful conduct toward the plaintiffs and to deter the defendant and others from similar

wrongful conduct in the future.

      4.      The amount of fines and civil penalties applicable to similar conduct.

      The amount of any punitive damage award should bear a reasonable relationship to the

harm caused to the plaintiffs.[5]

 

 

_____GIVEN
_____REJECTED
_____MODIFIED

---

[5] <u>Smith v. Wade</u>, 461 U.S. 30 (1983) (punitive damages may be awarded "when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent."). See Schaub v. VonWald, 638 F.3d 905, 922-24 (8th Cir. 2011) (the threshold inquiry for award of punitive damages is whether the evidence supports that the conduct involved was reckless or callous indifference). See also Kolstad v. American Dental Ass'n, 527 U.S. 526, 535, 536 (1999), and Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 903 (8th Cir. 2006), discussing the meaning of "malice" and "reckless indifference."

### Section 1983 - Elements of Claim

Plaintiff must prove both of the following elements by a preponderance of the evidence:

1.       The Defendant(s) acted under color of state law.

2.       While acting under color of state law, the Defendant(s) deprived Matthew Gibson

of a federal constitutional right.

I will now give you more details on action under color of law, after which I will tell you

the elements Plaintiff must prove to establish the violation of Matthew Gibson's federal

constitutional right(s).[6]

_____GIVEN
_____REJECTED
_____MODIFIED

_____

[6] Third Circuit Model Jury Instructions 4.3 - Section 1983 - Elements of Claim; Gomez v. Toledo, 446 U.S. 635, 640 (1980).

**Section 1983 - Deprivation of a Federal Right**

I have already instructed you on the first element of Plaintiff's claim, which requires Plaintiff to prove that the Defendant(s) acted under color of state law.

The second element of Plaintiff's claim is that the Defendant(s) deprived Matthew Gibson of a federal constitutional right.  The federal constitutional rights Plaintiff claims were violated are Unreasonable (Unlawful) Search and Seizure under the Fourth Amendment to the United States Constitution, as well as the First Amendment right to record government officials on one's own property.

_____GIVEN
_____REJECTED
_____MODIFIED

## UNLAWFUL SEARCH AND SEIZURE

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable searches and seizures by the police, or other government officials.

In this case, Plaintiff claims that the Defendant(s) subjected his home to an unreasonable search and seizure in violation of the Fourth Amendment.

The Plaintiff claims that the Defendant(s) were acted unreasonably by failing to obtain a warrant prior to entering and searching their home on March 4, 2020.  The Fourth Amendment requires that law enforcement, or other government officials, engaging a search or seizure at a residence must first apply, under oath, to a neutral magistrate or judge for a warrant, supported by probable cause, prior to entering and searching a home.[7]

To establish this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The Defendant(s) entered Matthew Gibson's home on March 4, 2020 and searched his home;

2.      In so doing, the Defendant(s) acted intentionally; and

3.      The Defendant(s) failed to obtain a search warrant for the residence.[8]

_____GIVEN
_____REJECTED
_____MODIFIED

_____

[7] Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted).

[8] *See also* 9th Circuit Model Jury Instructions, 9.15 Particular Rights - Fourth Amendment - Unreasonable Search - Exception to Warrant Requirement - Emergency Circumstances.

**Defendant Louise E. Goldston - Fourth Amendment[9]**

Matthew Gibson's case was brought pursuant to 42 U.S.C. § 1983. He claimed that Defendant Louise E. Goldston violated his Fourth Amendment right to be free from unreasonable search and seizure. The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable searches and seizures by the police, or other government officials.

Defendant Louise E. Goldston is depicted in video footage entering and searching Matthew Gibson's home on March 4, 2020. The issue of whether Defendant Louise E. Goldston engaged in an unreasonable search and seizure, in violation of the Fourth Amendment has previously been decided by this Court.

You are instructed that Matthew Gibson's right under the Fourth Amendment to be free from unreasonable search and seizure has been violated. Your task in this trial is determine the amount of damages to be awarded to Matthew Gibson and the other co-defendants, should you find that they also engaged in an unreasonable search and seizure.

_____GIVEN
_____REJECTED
_____MODIFIED

---

[9] Sought for use in the event Plaintiff's motion for summary judgment is granted on the applicable claim.

**Defendant Louise E. Goldston - First Amendment[10]**

Matthew Gibson's case was brought pursuant to 42 U.S.C. § 1983. He claimed that Defendant Louise E. Goldston violated his First Amendment right record her commission of an unreasonable search and seizure at his home on March 4, 2020. The First Amendment to the United States Constitution protects Mr. Gibson's right to record government officials engaged in the commission of an unreasonable search and seizure on his property.

Defendant Louise E. Goldston is depicted in video footage entering and searching Matthew Gibson's home on March 4, 2020, as well as forcing Mr. Gibson to stop recording. The issue of whether Defendant Louise E. Goldston engaged in a violation of the First Amendment in so doing has previously been decided by this Court.

You are instructed that Matthew Gibson's right under the First Amendment to record government officials engaged in the commission of an unreasonable search and seizure on his property has been violated. Your task in this trial is determine the amount of damages to be awarded to Matthew Gibson and against Defendant Louise E. Goldston and the other co-defendants, should you find that they also engaged in an unreasonable search and seizure.

_____GIVEN
_____REJECTED
_____MODIFIED

---

[10] Sought for use in the event Plaintiff's motion for summary judgment is granted on the applicable claim.

**Defendant Louise E. Goldston - Due Process / Fourteenth Amendment**

Plaintiff asserts a claim that his Fourteenth Amendment Due Process Rights were

violated.  In order to make out either a substantive or procedural due process claim, a plaintiff is

required to allege sufficient facts to support a finding that he was deprived of life, liberty, or

property, by governmental action.  Generally, a due process claim requires a two-part analysis:

1.      Whether the plaintiff was deprived of a protected interest,

and, if so,

2.      What process was his due.

_____GIVEN

_____REJECTED

_____MODIFIED

<u>Authority</u>

*Smith v. W. Va. Univ. Bd. of Governors*, No. 2:11-cv-00430, 2012 U.S. Dist. LEXIS 45216, at *9
(S.D. W. Va. Mar. 30, 2012)

*Equity in Athletics, Inc. v. Dep't of Educ.,* 639 F.3d 91, 109 (4th Cir. 2011).

**Defendant Raleigh County Commission - Municipal Liability**
**For Official Police or Unofficial Custom**

Matthew Gibson's case was brought pursuant to 42 U.S.C. § 1983. He claimed that the Defendant Raleigh County Commission had a policy of enabling and supporting federal constitutional rights violations related to home searches conducted by Defendant Louise E. Goldston. Your verdict must be for the Plaintiff, Matthew Gibson, and against Defendant Raleigh County Commission on Plaintiff's claim against the Raleigh County Commission if all the following elements have been proved:

1.      That the Defendant(s) deprived the Plaintiff of his constitutional rights as a result of the search of his home on March 4, 2020; and

2.      That the deprivation of the Plaintiff's constitutional rights directly resulted from either (a) an official written policy of the Defendant Raleigh County Commission, or (b) an unofficial custom; and

3.      That as a direct result, the Plaintiff suffered damages, including constitutional injury; and

4.      That the Defendant Raleigh County Commission was acting under color of law.


_____GIVEN
_____REJECTED
_____MODIFIED

15

## WARRANTLESS SEARCHES OF A HOME
## ARE UNREASONABLE

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable searches and seizures by the police.  An individual's home is highly protected under the Fourth Amendment.  When searches and seizures take place in an individual's home, there is no reasonableness analysis, since such actions are a "search" per se under the Fourth Amendment.  As such, the only analysis applicable is whether a warrant was obtained, and if not, whether an exception applies.[11]

The Defendant(s) admit that they did not obtain a warrant.  The Defendant(s) are not claiming an exception applies.  If you find that the Defendant(s) performed a "search" of the Plaintiffs' home on May 13, 2014, you must find the search to have been unlawful.

_____GIVEN
_____REJECTED
_____MODIFIED

---

[11] Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted).

MATTHEW GIBSON,
By Counsel


/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

vs.                              Civil Action No. 5:21-cv-00181
                                     Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,

       Defendant.

## CERTIFICATE OF SERVICE

     I, John H. Bryan, do hereby certify that I have delivered a true copy of the foregoing

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS has been served upon counsel of record by

using the CM/ECF System, this the 11th day of July, 2022 and addressed as follows:

| | |
|---|---|
| Jennifer E. Tully, Esq. | J. Victor Flanagan, Esq. |
| Adam K. Strider, Esq. | Kevin J. Robinson, Esq. |
| Bailey & Wyant, PLLC | Pullin Fowler Flanagan, Brown & Poe, PLLC |
| 500 Virginia Street, East, Suite 600 | 252 George Street |
| PO Box 3710 | Beckley, WV 25801 |
| Charleston, WV 25337-3710 | *Counsel for Raleigh County Defendants* |
| *Counsel for Louise E. Goldston* | |

/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEYS AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com