IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

       Plaintiff,

vs.

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,

       Defendants.

Civil Action No. 5:21-cv-00181
Honorable Frank W. Volk

**PLAINTIFF'S RESPONSE TO DEFENDANT LOUISE E. GOLDSTON'S MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF APPEAL AND PLAINTIFF'S MOTION TO DISMISS NOTICE OF APPEAL AS FRIVOLOUS**

COMES NOW the Plaintiff, MATTHEW GIBSON, by and through counsel, John H. Bryan, and for his response to Defendant Goldston's motion to stay proceedings pending disposition of appeal, provides the following response. In addition, Plaintiff hereby moves the Court to dismiss Defendant Goldston's Notice of Appeal as frivolous. In support hereof, Plaintiff states as follows:

1.      On July 13, 2022, this Court entered its memorandum opinion and order denying Defendant Goldston's motion for summary judgment, wherein she asserted the defense of judicial immunity. The order also denied Plaintiff's motion for summary judgment against Defendant Goldston, finding that there exists genuine issue of material fact for resolution at trial.

1

2. Also on July 13, 2022, Defendant Goldston filed her notice of appeal and motion to stay proceedings pending disposition of appeal. In her motion requesting a stay of the July 19 trial, Defendant Goldston stated the conclusion that, "a determination of judicial immunity has been determined to be a 'final decision,' thus making the current appeal not interlocutory…." Defendant failed to provide her legal basis for her conclusion.

3. Although judicial immunity is at issue herein, an interlocutory order that denies qualified immunity may be immediately appealed under the collateral order doctrine only where the decision turns solely on a question of law. *See* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

4. Provided it "turns on an issue of law," id., at 530, 105 S.Ct. 2806, a district-court order denying qualified immunity " 'conclusively determine[s]' " that the defendant must bear the burdens of discovery; is "conceptually distinct from the merits of the plaintiff's claim"; and would prove "effectively unreviewable on appeal from a final judgment." Id., at 527 – 528 (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528, 1221 (1949).). Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 672 (2009).

5. In finding an order not a "final decision" for purposes of § 1291, the Court in Johnson v. Jones, 515 U.S. 304, 309, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), cited Mitchell for the proposition that only decisions turning "on an issue of law" are subject to immediate appeal. 515 U.S., at 313, 115 S.Ct. 2151. "Though determining whether there is a genuine issue of

material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." Iqbal, 556 U.S., 674. To conduct it, "a court of appeals may be required to consult a 'vast pretrial record, with numerous conflicting affidavits, depositions, and other discovery materials,'" which generally involves matters more within a district court's ken and may replicate inefficiently questions that will arise on appeal following judgment." Id. Thus, "[f]inding these concerns predominant, Johnson held that the collateral orders that are 'final' under Mitchell turn on 'abstract,' rather than 'fact-based,' issues of law." Id; (citing Johnson, 515 U.S., at 317, 115 S.Ct. 2151). Thus, in Iqbal, the Court explained that an order is unlikely to be a final decision for purposes of § 1291 where it turns on fact-based, non-abstract questions with a vast pretrial record, as opposed to an order considering only the pleadings in the complaint.

6. In Heartland Academy Community Church v. Waddle, 595 F.3d 798, 806 (8th Cir. 2010), the Eighth Circuit noted that, in Johnson, "the Supreme Court cautioned that 'considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law." (citing Johnson, 515 U.S. at 317, 115 S.Ct. 2151). "The Supreme Court made clear we must eschew fact-intensive '[W]e didn't do it!' defenses and confine appellate review to 'neat abstract issues of law.'" Heartland, 595 F.3d at 807 (citing Johnson at 316-17, 115 S.Ct. 2151); See also, Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (construing Johnson to hold there is no interlocutory appellate jurisdiction "if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred").

7. In addition to the fact vs. law problem faced by Defendant Goldston in her request to stay the July 19 jury trial, application of the collateral orders doctrine is far from an automatic entitlement. The collateral order doctrine accommodates a "small class" of rulings, "not concluding the litigation, but conclusively resolving 'claims of right separate from, and collateral to, rights asserted in the action.'" Will v. Hallock, 126 S.Ct. 952, 163 L.Ed.2d 836, 546 U.S. 345 (2006) (citing Behrens, 516 U.S. at 305). There are three conditions for its application: that an order "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Will, 546 U.S. at 349 (citations omitted).

8. The Court noted in Will v. Hallock that the small class of rulings available to the collateral order doctrine "raise the lawyer's temptation to generalize," and that, "[t]hose seeking immediate appeal therefore naturally argue that any order denying a claim of right to prevail without trial satisfies the third condition," but that "this generalization is too easy to be sound and, if accepted, would leave the final order requirement of § 1291 in tatters." Id., 546 U.S. at 351. Otherwise, "almost every pretrial or trial order might be called `effectively unreviewable' in the sense that relief from error can never extend to rewriting history." Id. (citing Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 872 (1994)). Thus, "the cases have to be combed for some further characteristic that merits appealability under Cohen; and as Digital Equipment explained, that something further boils down to 'a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." Will., 546 U.S. at 351-52. This was addressed in Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982) where constitutional separation of powers would be implicated by failing to allow immediate appeal of

a denial of absolute Presidential immunity, as well as in <u>Mitchell</u>, *supra*, where denial of qualified immunity "threatened disruption of government functions, and fear of inhibiting able people from exercising discretion in public service if a full trial were threatened whenever they acted reasonably in the face of law that is not 'clearly established.'" <u>Will</u>., 546 U.S. at 352 (citing <u>Mitchell</u>, *supra*, at 526); *see also* <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc</u>., 506 U.S. 139, 144 (1993) (explaining the immediate appealability of an order denying a claim of Eleventh Amendment immunity by adverting not only to the burdens of litigation but to the need to ensure vindication of a State's dignitary interests).

9. Thus, the Supreme Court further narrowed the applicability of the collateral order doctrine to cases where "some particular value of a high order was marshaled in support of the interest in avoiding trial: honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." <u>Will</u>., 546 U.S. at 352-53. "That is, it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." <u>Id</u>.

10. Due to the fact that qualified immunity appeals are known to be costly to civil rights plaintiffs in terms of litigation resources and delay of litigation, a plaintiff may ask the district court to certify that an interlocutory qualified immunity appeal is frivolous. <u>Behrens, supra</u>, 516 U.S. at 310–11; <u>Chan v. Wodnicki</u>, 67 F.3d 137, 139 (7th Cir. 1995); <u>Yates v. City of Cleveland</u>, 941 F.2d 444, 448 (6th Cir. 1991); <u>Apostol</u>, 870 F.2d at 1339. "This practice . . . enables the district court to retain jurisdiction pending summary disposition of the appeal and

thereby minimizes disruption of the ongoing proceedings. *Behrens*, 516 U.S. at 310–11. The circuit court also determines whether it has jurisdiction after the district court has determined the appeal to be frivolous. *See, e.g.*, Dickerson v. McClellan, 37 F.3d 251, 252 (8th Cir. 1994); *See also* Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3901 (2d ed.) ("trial-court proceedings are not stayed if the trial judge certifies that the appeal is frivolous," which has particular relevance for the "special setting of collateral order appeals from denials of immunity").

11. Defendant Goldston's Notice of Appeal is little more than tactical attempt to dislodge the imminently scheduled trial date, mere days away from the frivolous filing. The District Court, however, is "not helpless in the face of manipulation." Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989). A litigant cannot just lob an interlocutory notice of appeal into the appellate court and delay the game it is not winning in the district court. "If the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals and so does not stop the district court in its tracks." Id. Generally, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). But, when a district court is faced with a "sham" or "baseless" appeal, the district court may "certify to the court of appeals that the appeal is frivolous and get on with trial." Apostol, 870 F.2d at 1339; *see* Mgmt. Sci. Am., Inc. v.

McMuya, 936 F.2d 567 (4th Circ. 1991) (unpublished) (endorsing Apostol).[1] *See also* Yousuf v. Samantar, No. 04-CV-1360, Dkt. 164 (May 18, 2011) (Brinkema, J.) (certifying appeal as frivolous and denying motion to stay impending pre-trial conference); Univ., No. 1:08-CV-119, 2011 U.S. Dist. LEXIS 156404, at *9 (M.D.N.C. June 9, 2011); Carrington v. Duke Thompson v. Farmer, 945 F. Supp. 109, 112 (W.D.N.C. 1996).

    12.    District courts need not be "at the mercy of defendants who file frivolous interlocutory appeals for tactical reasons." Eckert Intern., Inc. v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167, 174 (E.D. Va. 1993). Defendant Goldston filed her Notice of Appeal and motion for stay of the trial date less than a week prior to the start of the trial date, and only one day prior to the final pretrial settlement conference on July 14, 2022. Defendant provided no prior indication to the Court, or to Plaintiff's counsel that she would seek interlocutory appeal prior to the jury trial of this matter, despite being given multiple opportunities by the Court to do so during the initial pretrial hearing on July 1, 2022. As late as the morning of July 13, counsel of record engaged in a phone conference call to discuss pretrial stipulations, with no disclosure having been made by Defendant Goldston's counsel of any intention to request a stay of the trial date.

    13.    Defendant's Notice of Appeal is frivolous. She asserts judicial immunity on the basis of factual issues, rather than on abstract legal theory. As the Court noted in the July 13

---

[1] The Fourth Circuit has endorsed a similar approach to interlocutory appeals of denials of arbitrability and double jeopardy. *See* Levin v. Alms & Assocs., 634 F.3d 260, 266 (4th Cir. 2011) ("We therefore hold that an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited."); United States v. Montgomery, 262 F.3d 233, 240 (4th Cir. 2001) (observing a "'dual jurisdiction' rule, which allows a district court to proceed with trial while a defendant pursues an Abney double jeopardy appeal, where the district court has concluded that the appeal is frivolous").

memorandum opinion, there's no disagreement on the legal principle that judicial immunity applies to "functions it protects and serves," rather than the "person to whom it attaches." Mem. Op. at 7. Thus the denial of judicial immunity to the Defendant turned on the factual determinations regarding her actions on March 4, 2020, rather than any dispute of law. As the Court correctly noted, Defendant Goldston's argument is that "her actions were taken during the course of adjudicating a Family Court dispute," and that her actions "were judicial in nature and hence subject to judicial immunity." Mem. Op. at 9. The Court examined the factual issues surrounding the interaction between Plaintiff and Defendant Goldston on March 4, 2020, and whether those interactions met existing criteria of judicial activity. Rather than ruling on abstract issues of law, in denying the defense of judicial immunity, the Court examined the extensive post-discovery factual record, indicating the evidence surrounding Defendant's actions, and the nature thereof. Moreover, the Court noted, in denying Plaintiff's motion for summary judgment that, "[t]he Court concludes that genuine issues of material fact are extent."

14. Nor does the instant circumstances fall within the ambit of situations where there's some important interest, such as separation of powers, or threats to important government functions. No substantial government or public interest would be furthered by allowing Defendant Goldston to avoid standing trial. She has already been subjected to an extensive judicial disciplinary prosecution, as a result of which she has already been brought before the West Virginia Supreme Court of Appeals regarding the same factual issues. The State Supreme Court made clear that Defendant Goldston engaged in serious misconduct that was an egregious abuse of power, for which she was censured and fined. Thus, there is no governmental interest

whatsoever in allowing her to avoid standing trial herein - especially following over two years of litigation over the underlying dispute.

15. Lastly, given that over two years of litigation has already ensued, delaying the trial date would serve no purpose other than to prejudice the Plaintiff and interests of judicial efficiency. Defendant Goldston is not the only defendant in the action, as the Raleigh County Commission remains, and has no claim to judicial or qualified immunity. Delaying the trial increases the likelihood that witnesses may become unavailable, as well as increasing the delay and expense to the Plaintiff.

WHEREFORE, for all of the foregoing reasons, the Plaintiff respectfully requests that the Court should certify the Defendant's Notice of Appeal as frivolous and dismiss the same; and that accordingly, the Court should deny Defendant Goldston's motion for a stay of proceedings, and for such other and further relief as the Court deems just and fit.

MATTHEW GIBSON,
By Counsel

/s John H. Bryan
John H. Bryan, State Bar ID # 10259
411 Main Street
P.O. Box 366
Union, WV 24983
jhb@johnbryanlaw.com
(304) 772-4999
Fax: (304) 772-4998
*For Plaintiff*

9

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

   Plaintiff,

vs.            Civil Action No. 5:21-cv-00181
               Honorable Frank W. Volk

LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision,
JEFF MCPEAKE, individually,
BRIAN WHITE, individually,
BOBBY STUMP, individually,

   Defendant.

## **CERTIFICATE OF SERVICE**

  I, John H. Bryan, do hereby certify that I have delivered a true copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT LOUISE E. GOLDSTON'S MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF APPEAL AND PLAINTIFF'S MOTION TO DISMISS NOTICE OF APPEAL AS FRIVOLOUS, has been served upon counsel of record by using the CM/ECF System, this the 14th day of July, 2022, and addressed as follows:

| | |
|---|---|
| Jennifer E. Tully, Esq. | J. Victor Flanagan, Esq. |
| Adam K. Strider, Esq. | Kevin J. Robinson, Esq. |
| Bailey & Wyant, PLLC | Pullin Fowler Flanagan, Brown & Poe, PLLC |
| 500 Virginia Street, East, Suite 600 | 252 George Street |
| PO Box 3710 | Beckley, WV 25801 |
| Charleston, WV 25337-3710 | *Counsel for Raleigh County Defendants* |
| *Counsel for Louise E. Goldston* | |

10

/s/ John H. Bryan_____
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEYS AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

11