IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   Plaintiff,

v.                                                                 Civil Action No. 5:21-cv-00181
                                                                     Honorable Frank W. Volk

**LOUISE E. GOLDSTON, individually,
COUNTY COMMISSION OF RALEIGH
COUNTY, a political subdivision, JEFF
MCPEAKE, individually, BRIAN WHITE,
individually, BOBBY STUMP,
individually,**

   Defendants.

## DEFENDANTS' REPLY TO RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

    **COME NOW** Defendant Louise E. Goldston, by counsel, Jennifer E. Tully, John P. Fuller, Adam K. Strider and the law firm of Bailey & Wyant, PLLC, and hereby replies to Plaintiff's Response in Opposition to Defendant's Motion to Stay.  In reply, Defendant states as follows:

    1.    Plaintiff asserts that Defendants filed this appeal and motion to stay on "the eve of trial" as some sort of a "delay tactic." Defendant filed her notice of appeal and corresponding motion to stay within ninety (90) minutes of the decision on summary judgment.  If the denial of summary judgment would have been rendered earlier, the corresponding appeal and motion to stay would have been filed earlier.  Plaintiff's argument that Defendant had not provided notice at the Final Pretrial Conference "despite being given multiple opportunities by the Court to do so…" is ludicrous.  At no point was any counsel asked if they planned to file an interlocutory appeal and counsel could not make such a decision until the ruling on the Motion for Summary Judgment was made.  Any

argument regarding closeness to trial should not weigh against the Defendant in considering this matter.

    2.    With respect to the appellate jurisdiction "[t]o the extent that an order of a district court rejecting a governmental official's qualified immunity defense turns on a question of law, it is a final decision within the meaning of § 1291 ... and therefore is subject to immediate appeal." *Winfield v. Bass*, 106 F.3d 525, 528 (4th Cir. 1997); *see Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). This rule allows for interlocutory appellate review of a denial of qualified immunity when the appeal is based on a "purely legal issue" such as "what law was clearly established," but not when the appeal is of a matter of "evidence sufficiency," such as whether qualified immunity was properly denied based on the conclusion that there was "a genuine issue of fact for trial." *Johnson v. Jones, 515* U.S. 304, 313, 319-20 (1995). The fact that an appeal includes both types of arguments does not necessarily deprive an appellate court of jurisdiction. Instead, it is job of the appellate court to "parse[]" the intermingled assertions of error and consider only the legal arguments. *Iko v. Shreve*, 535 F.3d 225, 234-35 (4th Cir. 2008) ("[O]ur first task on appeal is to separate the district court's legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, from its determinations regarding factual disputes, over which we do not.").

    3.    With respect to granting of stays, when a party presents a colorable, non-frivolous argument, district courts grant stays on issues of qualified immunity, even when it disagrees on the likelihood of success on the merits. *See e.g. Campbell v. Sims*, Civil Action No. TDC-20-2590, 2021 U.S. Dist. LEXIS 182724, at *10 (D. Md. Sep. 23, 2021) ("Officer Sims has presented a non-frivolous, colorable argument for appeal that raises a serious question of law that may be sufficient to permit a stay."); *see also Krell v. Queen Anne's Cnty.*, No. JKB-18-0637, 2020 U.S. Dist. LEXIS

13921, 2020 WL 416975, at *2 (D. Md. Jan. 27, 2020) (granting a stay of a qualified immunity appeal based in part on the conclusion that while the appeal was unlikely to succeed, it raised "serious questions of law"); *U.S. Home Corp. v. Settlers Crossing, LLC, No. DKC 08-1863, 2015 U.S. Dist. LEXIS 83903, 2015 WL 3973071, at *6* (D. Md. June 29, 2015) (granting a stay pending an interlocutory appeal where the moving party had not shown a "strong likelihood of success on appeal" but had "identified specific legal findings that raise serious questions of law" on appeal, where the remaining factors weighed in favor of the stay).

4. Plaintiff's argument that this matter does meet is not within the "small class of rulings" in the collateral orders doctrine that allows for an immediate appeal is incorrect. The *Will v. Hallock* case cited by Plaintiff plainly states:

> **On the immediately appealable side are orders rejecting absolute immunity**, *Nixon* v. *Fitzgerald,* 457 U.S. 731, 742, 102 S. Ct. 2690, 73 L. Ed. 2d 349 (1982), and qualified immunity, *Mitchell* v. *Forsyth,* 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). A State has the benefit of the doctrine to appeal a decision denying its claim to Eleventh Amendment immunity, *Puerto Rico Aqueduct, supra,* at 144-145, 113 S. Ct. 684, 121 L. Ed. 2d 605, and a criminal defendant may collaterally appeal an adverse ruling on a defense of double jeopardy, *Abney* v. *United States,* 431 U.S. 651, 660, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977).
>
> The examples admittedly raise the lawyer's temptation to generalize. **In each case, the collaterally appealing party was vindicating or claiming a right to avoid trial, in satisfaction of the third condition: unless the order to stand trial was immediately appealable, the right would be effectively lost.**

*Will v. Hallock*, 546 U.S. 345, 350-51, 126 S. Ct. 952, 958 (2006).

5. Here, one of the Defendant's primary attacks on this Court's decision will involve the issue of "judicial actions." Specifically, Defendant intends to appeal the legal conclusions regarding whether Defendant's actions, as found by the Court, constitute a judicial action in the context of prior case law. Without sharing too much of Defendant's appellate issues at this early stage of the

appeal process, Defendants may assert, *inter alia*, the following, including but not limited to, **legal** issues on appeal that the Court's finding that "Judge Goldston has thus failed to demonstrate either of the two required prongs." was legally incorrect. The record is clear that Judge Goldston was acting as a judge and that all parties interacted with her as such. This Court cited, but then disregarded the clear case law instruction that it is not "the particular act in question" that is scrutinized, otherwise "any mistake of a judge in excess of his authority would become a 'nonjudicial' act[] because an improper or erroneous act cannot be said to be normally performed by a judge." *Mireles*, 502 U.S. at 12–13; *see Stump*, 435 U.S. at 356–57. Therefore, this rejection of the relevant case law is clear legal error.

6. For the reasons asserted above, Defendants have good faith, non-frivolous **legal** arguments that should be considered by the Fourth Circuit in full. Defendants assert that they have a high likelihood of success on the merits, as they have argued throughout.

7. The harm to Judge Goldston is high should this Court mandate Judge Goldston stand trial when she has a good faith, non-frivolous **legal** argument regarding absolute judicial immunity that is within the appellate jurisdiction of the Court. A showing of irreparable injury will generally be automatic from invocation of the immunity doctrine if the trial has begun or will commence during the pendency of the petitioner's appeal. *See McSurely v. McClellan*, 225 U.S. App. D.C. 67, 697 F.2d 309, 317 (1982). In discussing qualified immunity, the Supreme Court noted:

> The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. Accordingly, the reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable: in each case, the district court's decision is effectively unreviewable on appeal from a final judgment.

*Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). It is well-settled that "judges are absolutely

4

immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 U.S. Dist. LEXIS 86198, 2008 WL 4706255, at *4 (W.D. Va. Oct. 22, 2008) (citations omitted). As stated, "[j]udicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely." *Lemon v. Hong*, No. CV ELH-16-979, 2016 U.S. Dist. LEXIS 71756, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). This long-standing common law doctrine is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). Erroneously permitting this matter to go to trial will lose the absolute judicial immunity for which Judge Goldston is entitled. This constitutes irreparable harm.

8. With respect to the argument of prejudice by the Plaintiff, as previously stated, the delay in denying summary judgment should not be borne by Defendants. Finally, Plaintiff cites to no remedy or legal right that will be harmed by a stay. In sum, Plaintiff simply will not be harmed by an appellate review.

9. As for the public interest, the Supreme Court has made clear that "there is a strong public interest in protecting officials from the costs of damages actions" that "is best served by a defense permitting insubstantial lawsuits to be quickly terminated." *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998). The Supreme Court has made clear that issues of qualified immunity are immediately appealable. It is within the public interest to uphold Supreme Court precedent.

## Conclusion

District Courts make legal error. This is why there are appellate courts. Defendants vehemently disagree with the decision of this Court for the reasons asserted above. Even still, the Court cannot conclude the arguments are frivolous and not asserted in good faith. To deny a stay is simply wrong based upon the precedent regarding qualified immunity in balancing the factors asserted herein.

                                                             **Louise E. Goldston,**
                                                             **By Counsel,**

**/s/ Jennifer E. Tully**
**Jennifer E. Tully (WV Bar #9356)**
**John P. Fuller (WV Bar #9116)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jtully@baileywyant.com**
**jfuller@baileywyant.com**
**astrider@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MATTHEW GIBSON,**

   **Plaintiff,**

**v.**                                                         **Civil Action No. 5:21-cv-00181**
                                                                      **Honorable Frank W. Volk**

**LOUISE E. GOLDSTON, individually,**
**COUNTY COMMISSION OF RALEIGH**
**COUNTY, a political subdivision, JEFF**
**MCPEAKE, individually, BRIAN WHITE,**
**individually, BOBBY STUMP,**
**individually,**

   **Defendants.**

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of foregoing **"DEFENDANTS' REPLY TO RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, July 14, 2022:

J. Victor Flanagan
Kevin J. Robinson
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
*Attorney For: Raleigh County Commission,*
*Bobby Stump, Brian White, Jeff McPeake*

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV  24983
*Attorney For: Matthew Gibson*

        **/s/ Jennifer E. Tully**
        **Jennifer E. Tully (WV Bar #9356)**
        **John P. Fuller (WV Bar #9116)**
        **Adam K. Strider (WV Bar #12483)**
        **BAILEY & WYANT, PLLC**
        **500 Virginia Street, East, Suite 600**
        **Post Office Box 3710**
        **Charleston, West Virginia 25337-3710**
        **T: 304.345.4222**
        **F: 304.343.3133**
        **jtully@baileywyant.com**
        **jfuller@baileywyant.com**
        **astrider@baileywyant.com**