UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MATTHEW GIBSON,

    Plaintiff,

v.                                         CIVIL ACTION NO. 5:21-cv-00181

LOUISE E. GOLDSTON, *individually*,
and COUNTY COMMISSION
OF RALEIGH COUNTY,
*a political subdivision*,

    Defendant.

### ORDER REMOVING CASE FROM DOCKET

The Court has been advised of the settlement of this action by Defendant Louise E. Goldston's counsel. [*See* ECF 148]. Although it is unclear if the action in its entirety, as to all Defendants, has been resolved, the Court presumes as much. Accordingly, the Court **ORDERS** as follows:

1. The remaining requirements of the scheduling order are continued pending further order of the Court;

2. The action is retired to the inactive docket. The parties may, within thirty (30) days after entry of this Order, submit a stipulation of dismissal. In the event a stipulation of dismissal is not received within the prescribed period, the case is **DISMISSED** without prejudice without the necessity of a further order;[1] and

---

[1] In accordance with Rule 41(a)(1)(A)(ii), the referenced stipulation will effect dismissal "without a court order" so long as the stipulation is "signed by all parties who have appeared" in the action. Accordingly, when counsel file a non-compliant "Proposed Dismissal Order,"

3. The Court may, for good cause shown, reinstate the action to the active docket upon request of any party filed within the thirty (30) day period.

The Clerk is directed to send a copy of this order to any unrepresented parties and counsel of record.

ENTER: December 20, 2023



Frank W. Volk
United States District Judge

---

"Stipulation and Order of Dismissal," a "Stipulation of Dismissal" or similar fugitive document with a signature block for the undersigned, they should expect it to be disregarded and not inquire further of Chambers respecting when the document will be signed. The compliant stipulation achieves the dismissal of the case pursuant to Rule 41(a)(1)(A)(ii).